Donald D. Dawson, Appellant *v.* Susquehanna County Tax Claim Bureau and Mrs. Thomas Lopatofsky, a/k/a Carol Lopatofsky, Appellees.

Submitted on briefs November 18, 1981, before President Judge CRUMLISH, JR. and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

*Raymond C. Davis,* for appellant.

*Robert G. Dean,* for appellee, Susquehanna County Tax Claim Bureau.

*Kenneth W. Seamans,* for appellee, Mrs. Thomas Lopatofsky a/k/a Carol Lopatofsky.

OPINION BY JUDGE PALLADINO, January 12, 1982:

This is an appeal by Donald D. Dawson (Appellant) from an order of the Court of Common Pleas of Susquehanna County denying Appellant's petition to set aside a tax sale by the Susquehanna County Tax Claim Bureau (Bureau) to Carol Lopatofsky. We affirm.

Appellant, who can neither read nor write and who depends on relatives to carry on his business, purchased the property in question herein in 1976. On August 25, 1977, the Bureau sent Appellant notice of a tax claim for 1977 taxes on the property by certified mail. This notice was sent to Appellant at the

address appearing on the certificate of residence for the property and the notification to the Susquehanna County Tax Assessment Office, *i.e.*, R. D. No. 1, Elverson, Pennsylvania. The notice was returned to the Bureau unclaimed, however, after having been forwarded to P. O. Box 161, St. Peters, Pennsylvania.[1] Subsequent delinquent tax notices were sent by the Bureau to Appellant at an address obtained, pursuant to customary practices, from the local tax collector. This address was R. D. No. 2, Pottstown, Pennsylvania. These notices were also returned to the Bureau and Appellant made no payment of taxes for three years. Because of Appellant's failure to pay his taxes, the Bureau sent him notice of a pending tax sale, again at the Pottstown address. The Bureau also published notice of the pending sale for three consecutive weeks in four newspapers of general circulation in Susquehanna County and posted a notice of the sale on the property in question. The property was subsequently sold at a public sale in September, 1979.

Appellant petitioned the court of common pleas to set aside the tax sale on the grounds that notice of the tax claims and pending tax sale were sent to the wrong address[2] and there was thus noncompliance with the requirements of Sections 308 and 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.308 and 72 P.S. §5860.- 602. The lower court, after holding a hearing on the matter, ruled that the Bureau had acted properly with respect to the mailing of the notices to Appellant and denied the petition. The appeal to this Court followed.

---

[1] Appellant testified that this was his mailing address for a period of some six months.

[2] Appellant asserts that the correct address was, at all times, that to which the original tax claim notice was sent, R.D. No. 1, Elverson, Pennsylvania.

" [I]t is a generally accepted principle in tax cases that decisions by the trial court on issues where it had the opportunity to weigh the evidence firsthand [as here] will not be disturbed on appeal absent proof of an abuse of discretion, a lack of supporting evidence, or clear error of law." *Scott Township Tax Assessment Case,* 31 Pa. Commonwealth Ct. 505, 508, 377 A.2d 826, 827 (1977). Resolutions of conflicting testimony and determination of evidentiary weight and witness credibility are within the realm of the trial court. *Marx Tax Assessment Case,* 31 Pa. Commonwealth Ct. 496, 377 A.2d 199 (1977).

Before this Court, Appellant contends that the lower court erred in holding that Appellant received proper statutory notice of the tax claim for 1977 taxes and of the tax sale because said notices were not mailed to the correct address.[3] We disagree.

Section 308 of the Law requires, *inter alia,* that notices of tax claims be sent to delinquent taxpayers by registered or certified mail at their "last known post office address." Section 602 of the Law similarly provides, *inter alia,* that notice of a tax sale shall be sent to the owner of the property in question by certified mail at the owner's "last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector . . . and by the county office responsible for assessments and revisions of taxes." The last known address the Bureau had for Appellant was R. D. No. 2, Pottstown, Pennsylvania.

---

[3] Appellant also contends that notice of the tax claim was not posted on the property in question as required by Section 308 of the Law when notices of tax claims sent by mail are returned to the Bureau. This point was not raised by Appellant in his petition to set aside the tax sale, was not addressed by the trial court and cannot be addressed here. *Chwatek v. Parks,* 450 Pa. 62, 299 A.2d 631 (1972) ; *Huhn v. Chester County,* 16 Pa. Commonwealth Ct. 18, 328 A.2d 906 (1974).

This address was obtained, in a manner consistent with sound business practices and as required by law, *Povlow Appeal*, 48 Pa. Commonwealth Ct. 435, 410 A. 2d 376 (1980), from the local tax collector who testified that she would only have changed Appellant's address from R. D. No. 1, Elverson, Pennsylvania, to the Pottstown address if informed by Appellant or someone else with the requisite authority to represent his interests. The trial court, as is its prerogative, accepted this testimony, despite Appellant's claims to the contrary and assertions that he had lived at the Elverson address for the last nine years.

In light of the tax collector's testimony and the fact that certified mail sent to the claimant at the Elverson address went unclaimed, thus precipitating the Bureau's efforts to determine Appellant's latest post office address, we cannot hold that the trial court erred in ruling that notice of the tax claim and the tax sale was properly sent to Appellant under the terms of the Law. *See Grace Building Co. v. Clouser*, 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972). Since "the Bureau has no statutory duty to search out and find taxpayers liable for real estate taxes . . . [such as by following up] statutory notice with endless searches in street and telephone directories," *Id.* at 114-115, 289 A.2d at 528, we accordingly enter the following

ORDER

AND Now, January 12, 1982, the order of the Court of Common Pleas of Susquehanna County in the above captioned matter, No. 1980-142, dated September 5, 1980, is hereby affirmed.

This Opinion, authored by Judge PALLADINO prior to the expiration of her term of office, is adopted as the Opinion of the Court.