George W. Rossi, William B. Kania and Jack Stanley, Appellants v. Indiana County Tax Claim Bureau et al., Appellees.

Submitted on briefs March 12, 1985, to Judges CRAIG and DOYLE and Senior Judge KALISH, sitting as a panel of three.

*William J. Martin,* for appellants.

*John P. Merlo,* for appellees.

OPINION BY JUDGE DOYLE, June 21, 1985:

George W. Rossi, William B. Kania, and Jack Stanley (Appellants) appeal from an order of the Court of Common Pleas of Indiana County which dismissed Appellants' exceptions and objections to a tax claim sale of two parcels of property located in Pine Township.

The properties in question were purchased in 1978 by George W. Rossi and Robert A. Hoover.[1] The certificates of residence on both deeds gave a single address in Pittsburgh, Pennsylvania, as the residence for the grantees. No taxes were paid in 1979 or 1980, and in 1981, tax sale proceedings were instituted by the Indiana County Tax Claim Bureau (Bureau). The Bureau inquired of the county assessment office and

---

[1] Appellant Rossi testified that he had entered into a contract for the sale of the properties to Appellants Kania and Stanley sometime in June of 1981, and that in Dcember of 1981, he had contacted the Indiana County Treasurer and discovered that he had not been a record owner of the property since September. Appellants' exceptions and objections were thus filed nunc pro tunc. Mr. Rossi also testified that sometime prior to June of 1981, Mr. Hoover had executed a deed giving all of his interest in the property to Mr. Rossi, and that Mr. Rossi was unaware of Mr. Hoover's current whereabouts.

the Pine Township tax collector and learned through these sources that the address on the deeds had been changed to an address in Clearwater, Florida. Personal notice was sent out twice to both Mr. Rossi and Mr. Hoover individually at the Florida address. Both notices to Mr. Rossi were returned undelivered.[2] The properties were sold at a tax sale on September 14, 1981 to the six individuals who, together with the Bureau, are named as Appellees herein.[3]

Appellants filed exceptions and objections to the sale, contending that the notices to Mr. Rossi were defective because they had been sent to an incorrect address. According to Mr. Rossi's testimony before the trial court, since 1972 he had continuously maintained an office at the Pennsylvania address, and he was totally unfamiliar with the Florida address. He stated that he had never received any notices of tax delinquency and had mistakenly assumed that Mr. Hoover had paid the property taxes. The trial court concluded that the Bureau had complied fully with Section 602(e) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602(e), by sending notice of the sale to Mr. Rossi's last known post office address as revealed by inquiry with the county assessment office and the local tax collector. In support of this conclusion the court relied primarily on *Dawson v. Susquehanna County Tax Claim Bureau*, 64 Pa. Commonwealth Ct. 106, 438 A.2d 1067 (1982) and *Grace Building Co., Inc. v.*

---

[2] The above facts are paraphased from the findings of fact made by the trial court. Copies of the deeds were not introduced into evidence. An examination of the record reveals that both notices mailed to Mr. Hoover were also returned undelivered.

[3] One of the parcels of property was sold to Appellees Edward Macke, Thomas Boske, Casmer Yanity and Gilbert Zilner; the other was sold to Appellees B. E. Wynkoop and Christine Wynkoop.

*Clouser,* 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972). The exceptions and objections were accordingly dismissed by the trial court by an order dated March 1, 1983.

Appellants now raise the issue of defective notice before this Court, and appellees refer us to the *Dawson* and *Grace Building* line of authority in response.

The Bureau has the burden of proving that it complied with all statutory notice provisions. *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa. Commonwealth Ct. 216, 435 A.2d 681 (1981). Section 602 of the Law provides for two types of notice prior to a tax sale, publication notice, which was indisputedly provided in this case, and personal notice, with respect to which the Law states:

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States certified mail, personal addressee only, return receipt requested, postage prepaid, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assess-

ments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

Initially, we must point out that the holdings of *Dawson* and *Grace Building* are not so broad as was stated by the trial court. Strictly speaking, these cases hold only that tax claim bureaus do not have a duty to follow up statutory notice with "endless searches in street and telephone directories." *Dawson*, at 64 Pa. Commonwealth Ct. at 110, 438 A.2d at 1069; *Grace Building*, 5 Pa. Commonwealth Ct. at 115, 289 A.2d at 528. Furthermore, insofar as *Dawson* and *Grace Building* and their progeny have gone beyond this narrow holding in absolving tax claim bureaus of responsibility for locating property owners, we must conclude that they have been implicitly overruled by a recent decision of the Pennsylvania Supreme Court, which holds that "where a taxing authority intends to conduct a sale of real property because of nonpayment of taxes, it must notify the record owner of property by personal service or certified mail, *and where the mailed notice has not been delivered because of an inaccurate address,* the authority must make a *reasonable effort* to ascertain the identity and whereabouts of the owner(s)." *Tracy v. County of Chester,* Pa. , , 489 A.2d 1334, 1338-39 (1985) (emphasis in original). *Tracy* restates the basic premise of the Law that the forfeiture of a citizen's property for non-payment of taxes is "a momentous event under the United States and the Pennsylvania Constitutions." *Id.* at , 489 A.2d at 1339. The Court emphasized that the "strict provisions of the Real Estate Tax Sale Law were never meant to punish taxpayers who omitted through oversight or error . . . to pay their taxes," *Id., quoting*

*Ross Appeal,* 366 Pa. 100, 107, 76 A.2d 749, 753 (1950), and that "the purpose of tax sales is not to strip the taxpayer of his property but to ensure the collection of taxes." *Tracy,* Pa. at , 489 A.2d at 1339, *quoting Hess v. Westerwick,* 366 Pa. 90, 98, 76 A.2d 745, 748 (1950).

The trial court did not have the benefit of the *Tracy* opinion when it dismissed the Appellants' exceptions and objections but the *Tracy* rule must, of course, be applied to the facts of this case as a matter of substantive law. There is no question that *Tracy* requires at a minimum that once a mailed notice has been returned unclaimed, a taxing authority must do *something* to try and locate the property owner before automatically mailing the second notice to the same address.[4] In Mr. Rossi's case no such attempt to effect actual notice was made; thus *Tracy* clearly was not satisfied.

In further support of this conclusion, we note that a taxing authority has always been required to use ordinary common sense business practices in ascertaining the proper addresses to which required notices must be sent. *Ross Appeal; Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa. Commonwealth Ct. 30, 438 A.2d 1045 (1982). In the instant case, the director of the Bureau testified that the Florida address had been received from the tax collector and that he *assumed* that "the owner" had contacted the tax collector, but that he had no record to show the source of

---

[4] *Tracy* was decided under a previous version of Section 602 of the Law, pursuant to which only a single personal notice to an owner was required prior to a tax sale. The current version, as quoted in part in the text, *supra,* requires a second personal notice in cases where a return receipt has not been received from an owner. We will interpret *Tracy* as now imposing a duty at this point, before the second notice is mailed.

the information. He also testified that he *assumed* that the Florida address applied to *Mr. Hoover,* since only Mr. Hoover was personally named in the assessment records. The director then testified that the assessment records contained a notation indicating that another person's name also appeared on the deed, and for that reason the deed itself had been examined and Mr. Rossi's name had been discovered. No explanation was given regarding why Mr. Rossi's Pittsburgh address was ignored or why the second notice was not also sent there.

Even giving the Bureau the benefit of its questionable "assumption" that the change of address had been obtained from one of the property owners, since the Bureau was admittedly aware that there were *two* owners of these properties, we believe that common sense surely should have raised the question of whether or not the change of address was meant to apply to both owners. Thus, we believe that ordinary common sense business practices, as well as reasonable efforts under *Tracy,* should have led the Bureau to mail at least a second notice to Mr. Rossi at the address he had provided on his deeds.

In sum, we conclude that reasonable efforts to effect actual notice to Mr. Rossi were not carried out in this case, and the tax sale of these properties must therefore be set aside.

Accordingly, we will reverse the decision of the court of common pleas.

### ORDER

Now, June 21, 1985, the order of the Court of Common Pleas of Indiana County, No. 2357 C.D. 1981, is hereby reversed. The tax sale of properties known as parcels No. 33-13-101 and No. 33-12-118 in Pine Township, Indiana County, is ordered to be set aside.