532 A.2d 1252

In Re: Westmoreland County Tax Claim Bureau, Ritz, Inc. Ritz, Inc., Appellant.

Argued May 18, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Vincent J. Quatrini, Jr.,* for appellant.

*Pamela Pershing,* for appellee.

OPINION BY JUDGE BLATT, October 30, 1987:

Ritz, Inc. appeals an order of the Court of Common Pleas of Westmoreland County (trial court) which denied that corporation's petition to set aside a sale for delinquent taxes or, in the alternative, to disapprove the subsequent private sale of the property.

The following factual findings are pertinent. Ritz, Inc. is a closely held corporation whose officers are John A. Ritz, President, and Greg Ritz, Secretary. At the time of its incorporation, it registered its corporate address as 1289 Hahntown Wendel Road, Township of North Huntingdon, Westmoreland County, PA (North Huntingdon address), which was property owned by John Ritz. On or about December 12, 1978, Ritz, Inc. became the record owner of the ten acre parcel here in question, and the Westmoreland County Tax Claim Bu-

reau (Bureau) sent Ritz, Inc. a notice of tax delinquency regarding this property for the 1982 tax year in June 1983. This notice was addressed to the corporation at 724 Pennsylvania Avenue, Irwin, PA (Irwin address), which was the home of John Ritz's daughter, with whom John Ritz was staying at the time, and he received and acknowledged the notice. In fact, however, John Ritz had moved from his North Huntingdon address to Florida in 1982 and then, after returning from Florida, stayed with his daughter for a time, and then finally moved to 705 Mulberry Street, Scottdale, PA in 1985. Meanwhile Greg Ritz moved to the North Huntingdon address in 1984. John Ritz had paid the taxes on the land in question in the years prior to 1982, and tax claim notices for the 1980 and 1981 years had been sent to the corporation at the North Huntingdon address.

Apparently, after John Ritz received the June 1983 delinquent tax notice, he notified Greg Ritz, who attempted to pay the taxes by sending two checks to John Creighton, the local tax collector of Hempfield Township, Westmoreland County, who in turn voided and returned the checks to Greg Ritz, saying in an accompanying note that he could not accept the checks and that they should be mailed to the Bureau. In this note, Mr. Creighton also provided the Bureau's address. The checks in question had carried Greg Ritz's earlier address in Greensburg, Pennsylvania, where he had lived prior to moving to the North Huntingdon address in 1984 but the tax statements had the North Huntingdon address typed on them. That address, however, was crossed out and the Irwin address written over it. Greg Ritz received the voided checks but made no subsequent payment to the Bureau.

In June 1984, the Bureau again sent a tax deficiency notice to the corporation for 1983 taxes. This notice was sent to the Irwin address, where Beverly Ritz, John

Ritz's daughter, had earlier acknowledged receipt of the 1982 tax delinquency notice. An exhibit in the record is a notice of public tax sale dated June 5, 1984,[1] sent to Ritz at the Irwin address. A post office return-receipt-requested card which was enclosed with the notice was not filled out, indicating, according to the Bureau's supervisor, that this notice was undeliverable and not received by Ritz.

In August of 1984, the Bureau, by its agent, posted notice of the sale at the site of the property in question. The property was subsequently offered for public sale on September 10, 1984 but was not sold. An offer to purchase at private sale for the upset price of $782.32 was then tendered on October 1, 1984 and that offer was accepted by the Bureau. Notice of the private sale was then sent to the corporation at the Irwin address on October 5, 1984. Ritz, Inc. then filed its petition with the trial court.

The trial court concluded that, because John Ritz received a tax delinquency notice for 1982 taxes at the Irwin address and failed to object or to correct that address, and because the Bureau is not obligated to "maintain a constant viligance with regard to the principal place of business of Ritz, Inc.,"[2] the notice provisions appearing in Section 602 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602 (Law), were complied with. It further concluded that the notice to Greg Ritz from the local tax collector in 1983 advised Greg Ritz of where payment should be made and that the mere existence of an alternative address on the checks sent to the local tax

---

[1] The date of this notice is consistently referred to as July. The document itself bears a June date.

[2] The trial court cited *Grace Building Co. v. Clouser,* 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972).

collector was insufficient notice to the Bureau to advise it of a change of address.

At issue here is the question of whether or not the notice provisions of Section 602(e) of the Law were complied with and whether or not the sale which the Bureau made must be set aside.

Section 602 of the Law pertinently provides:

**Notice of Sale**

(e) . . . notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

Ritz, Inc. argues that the Bureau's June 5, 1984 notice was defective because it was not sent to Ritz, Inc.'s last known address, *i.e.* the North Huntingdon address, and it further argues that, because the return receipt card for this notice was not received by the Bureau, additional notice pursuant to Section 602(e)(2) of the Law

regarding the tax sale was required and should have been given. The Intervenor, who purchased the property, contends that the June 1983 notice which John Ritz actually received at the Irwin address was statutorily sufficient to put him on notice of an impending sale, especially inasmuch as he had never objected to the Bureau when he received that notice at the Irwin address. The Intervenor maintains that because the provisions of Section 602(e)(1) were met, compliance with Section 602(e)(2) was unnecessary.

We must respectfully disagree with both the Bureau and the trial court that the notice of the tax sale here was sufficient. Although the Bureau attempts to use the notice of *tax deficiency* as a substitute for a notice of *tax sale,* we note that the Bureau's own witness attested to the difference between these two documents, the notice of tax sale being "a lot more serious." Moreover, Section 602 of the Law speaks specifically to providing a notice of *sale.* Further, the delinquency notice here, which the Bureau argues was sufficient notice of the *tax sale,* does not contain the specific warning language necessary to alert a property owner of an impending sale required by Section 602(g) of the Law.[3] And, the June 1983 notice of the delinquency of the 1982 taxes was certainly sent far in advance of the October 1984 sale, not within thirty days of sale as Section 602 of the Law requires.

The basis for this appeal, however, requires us to focus our inquiry on whether or not the Bureau acted improperly in sending notices of tax delinquency and/or sale to the Irwin rather than to the North Huntingdon address of Ritz, Inc.

Section 602 of the Law has been interpreted to require that notice be sent to the owner's last known post

---

[3] We also note that the notice of tax sale was sent to the Irwin address of John Ritz's daughter Beverly.

office address. *See e.g. Grace Building Company v. Clouser*, 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972). Admittedly, there is room for disagreement on this record as to whether or not that address would be the North Huntingdon one, in light of the numerous notices sent to the Irwin address and the receipt by John Ritz personally of at least one piece of correspondence there. The requirement of *Grace Building*, however, has been somewhat modified by our State Supreme Court in *Tracy v. County of Chester, Tax Claim Bureau*, 507 Pa. 288, 489 A.2d 1334 (1985), where that Court opined that:

> [W]here a taxing authority intends to conduct a sale of real property because of nonpayment of taxes, it must notify the record owner of property by personal service or certified mail, *and where the mailed notice has not been delivered because of an inaccurate address,* the authority must make a *reasonable effort* to ascertain the identity and whereabouts of the owner(s).

*Id.* at 296, 489 A.2d at 1338-39 (emphasis in original). *See also Rossi v. Indiana County Tax Claim Bureau*, 90 Pa. Commonwealth Ct. 255, 494 A.2d 526 (1985). The *Tracy* court further noted that the purpose of the Law is not to strip a taxpayer of his property, and it explained that a taxing bureau must make a reasonable effort to notify a delinquent taxpayer of an upcoming sale. It held that the taxing authority was constitutionally obligated to check with the Secretary of the Commonwealth in Harrisburg to determine the identity and address of partners in a corporation registered under a fictitious name.

In the instant case, the corporation concerned had registered its address with the Bureau originally as the North Huntingdon address. If the Bureau, when it received the undelivered June 5, 1984 tax sale notice, had

then sent an additional notice to the North Huntingdon address, this entire matter could possibly have been avoided. We must hold, therefore, that the minimal precaution required under *Tracy* was the type of reasonable effort also required here, where the Bureau had never been directed to change its records to reflect the Irwin address. *Cf. Sabarese v. Tax Claim Bureau of Monroe County,* 69 Pa. Commonwealth Ct. 442, 451 A.2d 793 (1982) (taxpayer sent written notice to tax collector advising him of change of address); *Clawson Appeal,* 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979) (taxpayer telephoned tax collector and advised her of change in address).

Because we have determined that the Bureau here did not make a reasonable effort to contact the record owners of the property to advise them of the scheduled *tax sale,* we must conclude that the trial court erred in upholding this sale and, hence, that its order must be reversed.[4]

## ORDER

AND NOW, this 30th day of October, 1987, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed.

---

[4] Because of our dispostion of this case, we need not consider the alternative argument of Ritz, Inc. that the Bureau failed to comply with Section 602(h) of the Law.