561 A.2d 1301

**In re UPSET PRICE TAX SALE OF SEPTEMBER 9, 1985.**

**Appeal of MJM FINANCIAL SERVICES, INC.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1989.

Decided July 18, 1989.

Petition for Allowance of Appeal Denied April 18, 1990.

Joel Friedman, Media, and Alfred O. Breinig, Jr., Jenkintown, for appellant.

Michael P. Dignazio, Media, appellee.

James E. DelBello, Media, for Tax Claim Bureau of Delaware County.

Before BARRY, J., PALLADINO (P.J.), and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

MJM Financial Services, Inc. (MJM/purchaser) appeals an order of the Court of Common Pleas of Delaware County which set aside the sale of property owned by Beatrice Burgess.

On April 16, 1985, Beatrice Burgess was adjudicated an incompetent by the Court of Common Pleas of Delaware County. She was the owner of a five acre parcel on which her residence was located at the time of this adjudication. Michael Dignazio, Esquire, was appointed guardian of Mrs. Burgess' person and estate. Mr. Dignazio notified the County Tax Assessment Office of his appointment and as of July 26, 1985, the tax assessment's records indicated Mr. Dignazio's address.

The property taxes on Mrs. Burgess' parcel were delinquent and it was listed for the Tax Claim Bureau's tax sale on September 9, 1985. MJM was the successful bidder at the sale. The guardian received actual knowledge of the sale after it had taken place and petitioned the trial court to set the sale aside on the basis that proper notice had not been given pursuant to Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

The trial court granted the petition after a hearing at which MJM had not appeared. Following MJM's receipt of notice that the sale had been set aside it petitioned for intervention and to open the judgment. Its petitions were denied and an appeal to this Court followed. We vacated the trial court's order and remanded the record directing that MJM be permitted to intervene and present evidence of the Tax Claim Bureau's compliance with the notice provisions of the Law.[1]

A hearing was held on June 20, 1988, following which the trial court again set aside the tax sale finding that notice was insufficient. MJM now appeals arguing that the trial court erred in concluding that notice was insufficient. Our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa.

1. *M.J.M. Financial Services, Inc. v. Burgess*, 111 Pa. Commonwealth Ct. 301, 533 A.2d 1092 (1987).

Commonwealth Ct. 105, 536 A.2d 503 (1988). We affirm but on different grounds.

At the time notices of this tax sale were sent in 1985, Section 602 of the Law provided in pertinent part:

(e) ... similar notice of the sale shall also be given by the Bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States Certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) *If return receipt is not received from each owner pursuant to the provisions of clause (1), then,* at least (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States Certified mail, personal addressee only, return receipt requested, postage prepaid, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e)(1) and (2) (emphasis added).

The relevant facts as found by the trial court with respect to the notices sent by the Tax Claim Bureau are as follows. On July 31, 1985, the Tax Claim Bureau sent the thirty day notice required by Section 602(e)(1) of the Law, 72 P.S. § 5860.602(e)(1), to Mrs. Burgess, the incompetent, at her post office box number. That notice was returned to the Bureau stamped, "Return To Sender, Forwarding Order Expired." TCB Exhibit # 2. On August 29, 1985, the Tax Claim Bureau sent the ten day notice pursuant to Section 602(e)(2) of the Law, 72 P.S. § 5860.602(e)(2), to "Beatrice Burgess, 3rd at Olive St., P.O. Box 428, Media, Pa. 19063." TCB Exhibit # 4. The guardian concedes that this is the address of his law office. The ten day notice was acknowl-

edged as having been received on September 3, 1985 by M. Costa. TCB Exhibit # 4.

The trial court concluded that since the thirty day notice was sent to Mrs. Burgess, an incompetent, when the Tax Claim Bureau had notice of the appointment of the guardian as well as his address in its records [2], the notice provisions of Section 602(e)(1), had not been met. It then concluded that the notice of the tax sale was insufficient and set aside the sale.

MJM argued before the trial court and to this Court on appeal that a proper 10 day notice sent pursuant to Section 602(e)(2), has the effect of providing sufficient notice under the Law where the thirty day notice sent pursuant to Section 602, 72 P.S. § 5860.602(e)(2) was deficient. In response to this argument the trial court stated:

> The Court interprets the dual notice requirement to mean that if the first notice, the thirty (30) day notice, is not acknowledged and it was not done here, that the follow-up ten (10) day notice is, in a sense, a double check to make sure that the first notice was, in fact, received. In this case, it is clear that the first notice was not received and, therefore, the fact that the second notice may or may not have been received is irrelevant.

Slip op. at 6.

We disagree with the trial court's interpretation of the statutory notice scheme set forth by Section 602. The application of the trial court's interpretation would, in effect, result in the taxing authorities never being able to cure a defective thirty day notice by compliance with Section 602(e)(2) of the Law, the ten day notice provision. We do not believe this interpretation is consistent with the case law.

■ In analyzing the notice provisions of the Law our Supreme Court has stated:

**2.** The guardian's notice to the County Tax Assessment Office of his appointment and his address is chargeable to the Tax Claim Bureau. *Merchant's National Bank v. Chevy Chase Investment Co., Inc.,* 40 Pa. Commonwealth Ct. 159, 397 A.2d 836 (1979).

... where a taxing authority intends to conduct a sale of real property because of non-payment of taxes, it must notify the record owner of property by personal service or certified mail, *and where the mailed notice has not been delivered because of an inaccurate address,* the authority must make a *reasonable effort* to ascertain the identity and whereabouts of the owner(s).

*Tracey v. County of Chester,* 507 Pa. 288, 296, 489 A.2d 1334, 1338–39 (1985) (emphasis in original). The taxing authority's duty to make the reasonable effort set forth in *Tracey* arises, at least, following its notification that a mailed notice has not been delivered. Section 602 provides a mechanism by which the taxing authorities may again attempt to notify an owner of an impending tax sale if the first notice is not acknowledged. Section 602(e)(2).

In the case before us the first notice was not acknowledged by way of a signed return receipt. In fact, the notice itself was returned to the Tax Claim Bureau. The return of the notice triggered the Bureau's duty under *Tracey* to ascertain the whereabouts of Mrs. Burgess. The Bureau coordinated its records with those of the County Tax Assessment Office and discovered that a guardian had been appointed and the address at which he could be reached. The second notice, *i.e.,* the ten day notice pursuant to Section 602(e)(2), was then sent to that address.

On two occasions this Court has alluded to the concept that a properly addressed notice sent pursuant to Section 602(e)(2) can cure an inadequate notice sent pursuant to Section 602(e)(1). In *Rossi v. Indiana County Tax Claim Bureau,* 90 Pa. Commonwealth Ct. 255, 494 A.2d 526 (1985) two parcels were purchased by two individuals, Rossi and Hoover. The deeds for both parcels listed a single address in Pittsburgh for the grantees. Following the non-payment of taxes the bureau instituted tax sale proceedings. The bureau determined through the county tax assessment office and local tax collector that the address on the deeds had been changed to Clearwater, Florida. Notice was sent twice to both Rossi and Hoover at the Florida address.

Both notices to Rossi were returned undelivered. The taxes were not paid and the parcels were sold at the tax sale. Rossi, who had continually remained at the Pittsburgh address, filed exceptions to the sale on the basis that notice was insufficient. The trial court disagreed concluding that the notice provisions of Section 602(e) of the Law had been satisfied. On appeal we reversed. We said:

> Even giving the [b]ureau the benefit of its questionable 'assumption' that the change of address had been obtained from one of the property owners, since the [b]ureau was admittedly aware that there were two owners of those properties, we believe that common sense surely should have raised the question of whether or not the change of address was meant to apply to both owners. Thus, we believe that ordinary common sense business practice, as well as reasonable efforts under Tracey, should have led the [b]ureau to mail at least a second notice to Mr. Rossi at the address he had provided on his deeds.

*Id.*, 90 Pa.Commonwealth Ct. at 261, 494 A.2d at 529 (emphasis omitted).

In *Ritz, Inc. Appeal*, 110 Pa. Commonwealth Ct. 566, 532 A.2d 1252 (1987) *petition for allowance of appeal denied,* 520 Pa. 585, 549 A.2d 917 (1988), Ritz, Inc., a closely held corporation owned by the Ritz brothers, had its registered corporate address in North Huntingdon, Pennsylvania. Property taxes on a parcel owned by the corporation became delinquent and the parcel was listed for tax sale. For reasons unrelated to the issue now before us, the tax claim bureau sent a notice of tax sale to an Irwin, Pennsylvania address. The notice was returned to the bureau as undeliverable. The property was listed at the bureau's tax sale but due to a lack of bids the property was not sold until a later private sale.

Following the sale Ritz, Inc. filed exceptions. The trial court concluded that the notice provisions of the Law had been complied with and affirmed the sale. In reversing the trial court we stated, "In the instant case, the corporation concerned had registered its address with the [b]ureau

originally as the North Huntingdon address. If the [b]ureau, when it received the undelivered ... tax sale notice, had then sent an additional notice to the North Huntingdon address, this entire matter could possibly have been avoided." *Id.*, 110 Pa.Commonwealth Ct. at 572–73, 532 A.2d at 1255.

■ Neither *Rossi* nor *Ritz* specifically identify the "second" or "additional" notice as that which would be sent pursuant to Section 602(e)(2), however, we conclude that is the logical inference to be made. Accordingly, we conclude that a properly addressed notice of a tax sale sent pursuant to and in compliance with the provisions of Section 602(e)(2) of the Law has the effect of curing any defect in a notice sent pursuant to Section 602(e)(1) of the Law.

■ Having made this determination we must now determine whether the notice sent pursuant to Section 602(e)(2) in the case before us was properly addressed and in compliance with the statute. We conclude that it was not and affirm the trial court's order on this basis.

Beatrice Burgess was adjudicated an incompetent. Michael P. Dignazio, Esquire was appointed as her guardian. He supplied the taxing authorities with the address of his law office. As noted above, the ten day notice was addressed as follows: "Beatrice Burgess, 3rd at Olive St. P.O. Box 428, Media, Pa 19063." This amounts to no more than notice to the incompetent *albeit* at the guardian's address. Notice to an incompetent of an impending tax sale does not meet the requirements of due process. *Glyder Realty Corp. Appeal*, 75 Pa. Commonwealth Ct. 108, 461 A.2d 1329 (1983).

'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'

*Covey v. Somers*, 351 U.S. 141, 146, 76 S.Ct. 724, 727, 100 L.Ed. 1021 (1956) *quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950).

We find that under the circumstances of this case the means by which the Tax Claim Bureau should have notified Mrs. Burgess of the impending tax sale would have been to address the notice, "Beatrice Burgess, c/o Michael P. Dignazio, Esquire, 3rd At Olive St., P.O. Box 428, Media, Pa. 19063." In this manner the notice could have been directed to the specific attorney at that address who had been appointed as the incompetent's guardian and, further, would have alerted the guardian to the matter at hand.

Based on the foregoing, we affirm the trial court but on other grounds.

## ORDER

NOW, July 18, 1989, the order of the Court of Common Pleas of Delaware County at No. 85–11295, dated August 29, 1988, is hereby affirmed.

PALLADINO, J., concurs in the result only.