## In re Sale of Certain Real Property in the Township of Middletown at Upset Sale, September 28, 1987

*Hans Edward Solum Jr.,* for petitioner.
*James P. Gannon,* for respondent.

REED, JR., *J.,* August 13, 1990 — This case comes before us by petition of Alice S. Benham to set aside tax claim sale.

The facts germane to this case are as follows.

Alice S. Benham is co-executrix of the estate of Grant J. Benham, deceased. Darlington Limited Partnership was a limited partnership in which Mr. Benham was the sole general partner. By reason of his death on March 17, 1983 and by provisions of his will, Alice Benham, his wife, succeeded in his interests and became the sole general partner of the Darlington Limited Partnerships.

The partnership was the record owner of four parcels of land in Middletown Township, Delaware County. The petition to set aside tax claim sale concerns only one parcel, identified as folio no. 2013-02.

On or about September 28, 1987, the Tax Claim Bureau of Delaware County held a sale of the property. Petitioner, Mrs. Benham, asserts lack of actual or constructive notice to set aside the sale. After hearing held June 11, 1990, both parties submitted memoranda in support of their positions. At the hearing, the bureau presented evidence supporting their position of compliance with the notice requirements of 72 P.S. §5860.602(e)(2). The statute provides in pertinent part:

"If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least 10 days before the date of sale similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last known post office address known to said collector and county assessment office."

According to the evidence submitted by the bureau, notice of public tax sale was sent by certified mail restricted delivery on August 28, 1987, pursuant to the statute. The notice was returned marked "Moved, left no address." On or about August 26, 1987 advertisements were published in the *News of Delaware County, Daily Times* and the *Legal Journal.* A deputy sheriff posted the property on September 4, 1987. A record notice was sent by ordinary U.S. mail on September 18, 1987 pursuant to the statute. Proof of mailing was returned to the bureau marked "no longer at this address." Thereafter the bureau conducted a telephone directory search which revealed the number was not published.

The bureau did not make reasonable efforts to locate the owner of this parcel of land. It has been held "where a taxing authority intends to conduct a sale of real property because of non-payment of taxes, it must notify the record owner of property by personal service or certified mail, and where the mailed notice has not been delivered because of an inaccurate address, the authority must make a reasonable effort to ascertain the identity and whereabouts of the owner(s)." *Rossi v. Indiana County Tax Claim Bureau,* 90 Pa. Commw. 255, 259, 494 A.2d 526, 528 (1985), quoting *Tracy v. County of Chester,* 507 Pa. 288, 489 A.2d 1334 (1985). The *Tracy* court implicitly overruled the principle that the bureau has no statutory duty to search out and find taxpayers liable for real estate taxes. The bureau, however, does not have a duty to follow up statutory notice with endless searches in street and telephone directories. *Dawson v. Susquehanna County Tax Claim Bureau,* 64 Pa. Commw. 106, 438 A.2d 1067 (1982).

The statute provides for two types of notice prior to a tax sale, publication notice and personal notice. A notice of public sale was sent to Darlington Limited Partnerships, 7 Allison Drive, Cherry Hill, N.J. by certified mail August 28, 1987, and was returned marked "Moved, left no address." On September 18, 1987, the bureau mailed by first class mail a second notice to the same Cherry Hill address. This mailing was also returned, marked "No longer at this address."

It has been held that a "County Tax Claim Bureau, when faced with fact that notice of tax claim sale on two parcels of property located in township had been returned unclaimed, was required to try and locate property owners before automatically mailing second notice to same address and, by failing to do so, was without authority to effect a valid tax claim sale to individuals in question." *Rossi v. Indiana County Tax Claim Bureau*, 90 Pa. Commw. 255, 494 A.2d 526 (1985).

According to the evidence submitted, the bureau did conduct a telephone directory search, however we are unable to determine the precise date of this search. The summary of the bureau's activities regarding this parcel of land is a dated list of the sequence of events culminating with the sale. The telephone directory investigation is listed immediately following the mailing of the record notice and is not dated. Hence, we must assume the search was conducted after the second notice was mailed. Therefore, we find that the standard set forth in *Rossi* has not been met.

No evidence was submitted to indicate that the bureau made any inquiry to the Tax Collector regarding a current address for petitioner. Petitioner asserts, and we agree, that if the bureau did make an inquiry it would have revealed letters dated March

29, 1984 from the tax collector to Darlington Limited Partnership c/o Alice Benham, 48 West Forge Road, Glen Mills, Pa. By letter dated September 19, 1984, the school district mailed a notice of delinquent real estate taxes to James P. Gannon, Esq., attorney for Mrs. Benham. "Recognizing . . . that in reality the Tax Claim Bureau, the county assessment office and the local tax collector, are all merely parts of one system of local tax administration, we have held that the last post office address known to the tax collector and the county assessment office, although unknown to the Tax Claim Bureau is the owner's 'last known post office address' to which the bureau must send notice." *In re Return of Tax Sale by Indiana County Tax Claim Bureau v. Clawson and Emmanuel,* 39 Pa. Commw. 492, 395 A.2d 703 (1979).

It is true Mrs. Benham did not notify the tax collector or anyone else of her change of address. However, we recognize that the statute imposes duties not on owners but on the agencies responsible for sales. Hence, the inquiry is not to be focused on the neglect of the owner, which is often present in some degree, but on whether the activities of the bureau comply with the requirements of the statute. *In re Return of Tax Sale by Indiana County Tax Claim Bureau v. Clawson, supra.*

The constitution requires due process including reasonable notice before any appropriation of private property. Mrs. Alice Benham's due process rights have been violated. Hence, we find that Alice S. Benham did not receive actual or constructive notice and the bureau is in violation of 72 P.S. 5860.602(e)(2). As a result, this sale is void and petitioner is granted the opportunity to pay the delinquent real estate taxes.

## ORDER

And now, August 13, 1990, after hearing in open court on June 11, 1990 and review of memorandums submitted, it is hereby ordered and decreed that the tax sale for the property identified as folio no. 2013-02 is set aside.