## Walsh v. Tax Claim Bureau of Monroe County

*Gerard J. Geiger,* for plaintiffs.

*Daniel P. Lyons,* for defendant Tax Claim Bureau of Monroe County.

*James P. Gregor,* for defendant Pocono Hickory Lane Inc.

O'BRIEN, *J.,* November 14, 1991—

### FINDINGS OF FACT

(1) Petitioners, Ana and Robert Walsh, purchased a parcel of land in Coolbaugh Township, Monroe County, Pennsylvania, known as lot 58, block 1802, section 18, by deed dated May 18, 1988, and recorded in the office for the Recorder of Deeds in and for Monroe County, Pennsylvania, in Deed Book 1618, page 1130. The property is identified by Tax Code no. 3/19B/1/292.

(2) After petitioners failed to make payment of real estate taxes for 1988, the Monroe County Tax Claim Bureau scheduled a tax sale of the property for September 10, 1990.

(3)  On June 13, 1990, the Tax Claim Bureau dispatched a notice of the tax sale by certified mail, restricted delivery, return receipt requested, postage prepaid to the petitioners.  The notice of sale was returned to the Tax Claim Bureau as unclaimed.

(4)  Following the return of the unclaimed notice, on August 3, 1990, the Tax Claim Bureau remailed the notice of sale to the petitioners by first-class mail, postage prepaid.  This notice was not returned to the Tax Claim Bureau.

(5)  Although petitioner Ana Walsh resided at the address to which the notices were mailed, petitioner Robert Walsh was estranged from his wife and was not living at said address.

(6)  The Tax Claim Bureau made no effort to determine the whereabouts of the petitioners and did not make any notation in the Tax Claim Bureau file of any additional notification efforts.

(7)  On September 10, 1990, the petitioners' property was sold by the Tax Claim Bureau to respondent, Pocono Hickory Lane Inc.

## DISCUSSION

It is well-known equitable rule that the law abhors a forfeiture.  The Real Estate Tax Sale Law, 72 P.S. §5860.101, et. seq. has been the vehicle through which the General Assembly has sought to prevent forfeitures while assuring the regular payment of real property taxes.  Indeed the notice provisions of the tax sale statute were intended to assure that no one is deprived of property without due process of law.  *In re Tax Claim Bureau,* 53 Pa. Commw. 423, 419 A.2d 423 (1980); U.S.C.A. Const. Amend. 14.  Consequently,

the notice requirements for a tax sale must be strictly adhered to and, if any notice requirement is defective or lacking, the sale must be set aside. *Area Homes Inc. v. Harbucks Inc.,* 75 Pa. Commw. 97, 461 A.2d 357 (1983).

Petitioners contend that the Tax Claim Bureau did not exercise reasonable efforts in notifying them of the pending sale as required under the Real Estate Tax Sale Law, 72 P.S. 5860.607 which reads in relevant part as follows:

*"Additional notification efforts—*

"(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been exhausted, regardless of whether or not the notification efforts have

been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

"(b) The notification effort required by subsection (a) shall be in addition to any other notice requirement imposed by this act."

The purpose of the notice provisions is to protect against the deprivation of property without due process of law. *Geir v. Tax Claim Bureau of Schuylkill County,* 131 Pa. Commw. 321, 570 A.2d 134 (1990), aff'd 588 A.2d 480 (1991). The Tax Claim Bureau has the burden of proving compliance with the notice provisions. *Id.* The statute requires that the Tax Claim Bureau make reasonable efforts to locate a property owner who failed to properly respond to the mailed notice. In *Tracy v. County of Chester,* 507 Pa. 288, 489 A.2d 1334 (1985), our Supreme Court held that when a mailed notice of a tax sale has not been delivered, the Tax Claim Bureau must make a reasonable effort to determine the identity and whereabouts of the owner.

In *Rossi v. Indiana County Tax Claim Bureau,* 90 Pa. Commw. 255, 494 A.2d 526 (1985), the Commonwealth Court held that "[t]here is no question that *Tracy* requires at a minimum that once a mailed notice has been returned unclaimed, a taxing authority must do something to try and locate the property owner before automatically mailing the second notice to the same address." The court concluded that since no such attempt was made to accomplish actual notice, the sale must be set aside. Similarly in the case at bar, after the notice of sale was returned to the Tax Claim Bureau unclaimed, the bureau made no effort to determine the whereabouts of the petitioners as evidenced by the lack of any notation in the Tax Claim Bureau file to indicate

any additional notification efforts were made. Therefore, the Tax Claim Bureau failed to comply with the statutory mandate and the tax sale must be set aside.

## CONCLUSIONS OF LAW

(1) The Tax Claim Bureau failed to comply with the provisions of 72 P.S. 5860.607a before exposing the petitioners' property to tax sale.

(2) The Tax Claim Bureau, having failed to comply with the above statutory provision, was without authority to effect a valid tax claim sale, and therefore, the sale must be set aside. *Rossi v. Indiana County Tax Claim Bureau,* 90 Pa. Commw. 255, 494 A.2d 526 (1985).

## ORDER

And now, November 14, 1991, the petition of Robert Walsh and Ana Walsh to set aside the tax sale of the parcel of land situate in Coolbaugh Township, Monroe County, Pennsylvania, identified as Tax Claim Parcel 3/19B/1/292 is granted and it is ordered as follows:

(1) The petitioners shall pay forthwith to the Tax Claim Bureau of Monroe County a sum equal to the price paid by the purchaser at the tax sale as well as the cost of the tax sale. The petitioners shall also furnish evidence to the Tax Claim Bureau that all taxes due and owing on the property are paid and current. In the event that any of the taxes on the property have been paid by the respondent, this sum shall be paid by the petitioners to the Tax Claim Bureau for reimbursement to the respondent.

(2) Pocono Hickory Lane Inc. shall execute a quit claim deed in favor of the petitioners and deliver said

deed to the Tax Claim Bureau upon reimbursement by the bureau of all monies heretofore paid by them to the bureau with respect to this property.

(3) The petitioners shall pay the costs of these proceedings.