Mark A. GROVE, Appellant,

v.

FRANKLIN COUNTY TAX
CLAIM BUREAU and
William A. Lowe.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 1997.

Decided Dec. 18, 1997.

Reconsideration Denied Feb. 19, 1998.

James K. Reed, Chambersburg, for appellant.

Timothy W. Misner, Waynesboro, for appellee.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PER CURIAM.

Mark A. Grove (Grove) appeals from the order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch (trial court), that denied his petition to set aside the tax sale of his property due to the lack of proper statutory notice regarding said sale as prescribed by the Real Estate Tax Sale Law [1] (Tax Sale Law).

The underlying facts are not in dispute and are summarized as follows. Grove owns property at 13781 Karper Road in Mercersburg, Franklin County; located on the property is a house, a mobile trailer, a tool shed and a chicken coop. The house is vacant and Grove lives in the mobile trailer; both structures share a common address and a single mailbox that is located along Karper Road. No taxes were paid on either the vacant house or the property for the 1995 tax year.[2] The Bureau sent the notices of the impending tax sale, as prescribed by Sections 602(e)(1) and (2) of the Tax Sale Law [3], to

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101—5860.803.

2. The mobile home is assessed separately from either the house or the property.

3. Section 602 of the Tax Sale Law provides, in pertinent part, as follows:

(e) In addition to such publications, similar notice of the sale shall be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by the act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revision of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

Grove at his 13781 Karper Road address; notices of the impending sale were posted on both the vacant house and the tool shed on September 13, 1996. The mailed notification was returned to the Bureau without the required receipted personal signature of Grove. The property file of the Bureau contains no notation of any additional efforts[4] made by the Bureau to discover Grove's whereabouts prior to the tax sale of the property on September 23, 1996.[5]

Grove filed a petition to set aside the tax sale on the basis that the Bureau failed to satisfy the notice by posting requirement of Section 602(e)(3) of the Tax Sale Law, 72 P.S. § 5860.602(e)(3). Grove also asserted that the tax sale of his property should have been set aside, not because the address to which the notices were sent was incorrect, but rather because of the Bureau's alleged failure to make additional efforts as prescribed by Section 607.1 of the Tax Sale Law. 72 P.S. § 5860.607a.

Following a hearing, the trial court concluded that the Bureau had met its burden of establishing that it properly posted the notice of the impending tax sale. The trial court also concluded that, since the Bureau had determined the correct address for Grove and sent the Section 602 notices to that address, no further search requirements were statutorily required. The trial court, therefore, declined to require the Bureau to conduct and document a series of events that it considered to be futile. By order of April 18, 1997, the trial court denied Grove's petition to have the tax sale set aside.

■ On appeal,[6] Grove renews the same arguments that he made before the trial court. Grove first argues that the trial court erred by failing to require the Bureau to exercise "reasonable efforts"[7] to discover his whereabouts after the mailed notification was returned to the Bureau without his required personal signature. We agree.

Under Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), "[t]he object of all interpretation and construction of statutes is to ascertain

72 P.S. § 5860.602(e). The proof of mailing requirement of Section 602(e)(2) of the Tax Sale Law does not require that the secondary notice be received, only that it be sent. *See Tax Sales By the Tax Claim Bureau of Dauphin County,* 651 A.2d 1157 (Pa.Cmwlth.1994), *petition for allowance of appeal denied,* 544 Pa. 650, 664 A.2d 978 (1995).

4. Section 607.1(a) of the Tax Sale Law, provides, in pertinent part, as follows:
   [w]hen any notification of a pending tax sale is required to be mailed to any owner, ..., and such mailed notification is either returned without the required receipted personal signature of the addressee ..., then before the tax sale can be conducted or confirmed, the bureau must exercise *reasonable efforts* to discover the whereabouts of such person or entity and notify him. ... When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, *a notation shall be placed in the property file* describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided by the act. (Emphasis added).
   Added by Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a(a). Section 607.1(b) of the Tax Sale Law provides that "[t]he notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by this act." 72 P.S. § 5860.607a(b).

5. The property, which included the land, the house, the tool shed and the chicken coop, was purchased by William A. Lowe (Lowe); the mobile trailer was not part of the sale.

6. Our standard of review in a tax sale case is limited to determining whether the trial court abused its discretion, rendered a decision in the absence of supporting evidence, or clearly erred as a matter of law. *Ganzer v. Erie County Tax Claim Bureau,* 163 Pa.Cmwlth. 522, 641 A.2d 1261, *petition for allowance of appeal denied,* 540 Pa. 587, 655 A.2d 517 (1994).

7. Section 607.1 of the Tax Sale Law does not specify what type of notice is required but only that the Bureau engage in reasonable efforts to notify the taxpayer. 72 P.S. § 5860.607a(a). Section 607.1 provides, in pertinent part, as follows:

   The bureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternative address or telephone number which may have been written on or in the file pertinent to such property.
   72 P.S. § 5860.607a(a).

and effectuate the intent of the General Assembly." Additionally, "[w]hen the words of a statute are free and clear from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Section 607.1(a) of the Tax Sale Law is unambiguous and mandates that whenever the mailed notices are returned to the Bureau without the required receipted personal signature of the addressee, then "before the tax sale can be conducted or affirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person... and notify him." 72 P.S. § 5860.607a(a). The General Assembly makes no provision for instances where, as here, the Bureau had already employed the correct address. Given the legislature's clear statement and the mandatory nature of the statutory language, this Court is constrained to conclude that Section 607.1 applies regardless of the correctness of the address to which the Bureau sent the notices.[8]

There is no dispute that the Bureau failed to place the required notation in the property file describing its efforts to discover Grove's whereabouts. (Reproduced Transcript for Appellant, Volume II, p. 9). Furthermore, there is no evidence in the record that the Bureau engaged in any additional efforts to either discover Grove's whereabouts or to notify him after the mailed notification was returned without Grove's signature. The sole witness presented by the Bureau merely testified that he posted the property on September 13, 1996. It is apparent that the Bureau failed to satisfy its burden of proving that it performed any of the required additional notification efforts mandated by Section 607.1 of the Tax Sale Law.

Accordingly, the order of the trial court will be vacated and the case remanded for the trial court to issue an order granting Grove's petition to have the tax sale of his property set aside.[9]

The decision in this case was reached before the death of Senior Judge SILVESTRI.

### ORDER

AND NOW, this 18th day of December, 1997, the order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, dated April 18, 1997, is vacated and the case is remanded to the trial court with directions consistent with this opinion.

Jurisdiction relinquished.

SMITH, J., concurs in the result only.

---

8. The trial court's reliance on this Court's decision in *Dawson v. Susquehanna County Tax Claim Bureau*, 64 Pa.Cmwlth. 106, 438 A.2d 1067 (1982) is misplaced as *Dawson* was decided before the legislature added Section 607.1 to the Tax Sale Law; that section clearly imposes the statutory duties that the *Dawson* court found absent.

9. Although we need not address Grove's remaining argument, we concur with the trial court's decision that the property was properly posted by the Bureau.