542 A.2d 604

Tax Sale by Northampton County Tax Claim Unit of Property Located on Rt. 512 and LR 48034 in Washington Township. Karel Dvorak. Lawrence Marra, Appellant.

Submitted on briefs February 25, 1988, to Judges CRAIG, MCGINLEY and SMITH, sitting as a panel of three.

*Dwight L. Danser,* for appellant.

*John J. Bartos,* for appellee, Northampton County Tax Claim Unit.

*Renald S. Baratta,* for appellee, Karel Dvorak.

OPINION BY JUDGE CRAIG, May 27, 1988:

Where a tax claim bureau, with respect to the public sale of property for delinquent taxes has duly followed the statutory procedures and issued all notices as required by the Real Estate Tax Sale Law,[1] and before the sale, the property owner (1) evidences an intention to have the sale stayed by making a substantial payment of back taxes, but (2) nevertheless permits the sale to proceed by failure to make further timely payment or to enter into an installment payment agreement because he suffers from an obvious comprehension disability stemming from his inability to understand English well, should the courts upset the sale because the tax claim bureau personnel did not take steps to ensure that the owner was not confused and uncertain as to his rights?

Lawrence Marra, the purchaser at tax sale of the property in question, has appealed a decision of the Court of Common Pleas of Northampton County which set aside the tax sale of Washington Township property

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* §§101-703, 72 P.S. §§5860.101-5860.703.

subject to unpaid taxes while in the ownership of Karel Dvorak.

The trial judge's determinative findings of fact were as follows:[2]

> In the instant case, the taxpayer is an uneducated immigrant who does not understand or speak English well. The circumstances leading to the sale indicate that Mr. Dvorak intended to pay his taxes and that he thought his four hundred dollar ($400.00) payment in August would stay the sale. The record clearly indicates that Mr. Dvorak was ignorant and uncertain as to his rights and the proper method for staying the upcoming sale.

> Although the Tax Claim Bureau told Mr. Dvorak that he could either pay all of his 1984 taxes in August or go on an installment plan to pay both his 1984 and 1985 taxes, the record clearly indicates that Mr. Dvorak failed to understand the meaning of those two options. Moreover, the record is devoid of any statements explaining to Mr. Dvorak that his four hundred dollar ($400.00) downpayment would not stay the sale.

> . . . . .

---

[2] In addition to the unnumbered findings quoted in the text of this opinion, the trial judge also made fourteen numbered findings of fact. Unfortunately, his Findings Nos. 6-13, inclusive, consist simply of statements that the various named witnesses "testified" as described. Of course, at face value, such statements merely echo testimony and therefore fail to communicate any conviction by the trial judge that the items recited in the testimony did in fact occur. However, even if we assume that all of the testimony was fundamentally truthful and that no credibility question was present, the listed recitations do not negate the determinative findings this court has adopted from the trial judge's discussion.

We find that Mr. Dvorak was confused and uncertain regarding his rights when he made the four hundred dollar ($400.00) partial payment of his taxes; moreover, by so doing he objectively manifested his intention to save his property from the sale and pay the balance later. Therefore, we find that the tax sale was invalid and should be set aside. To give notice to a person with an *obvious* comprehension difficulty and, at the same time, accept a downpayment a month prior to the sale without clearly informing the taxpayer that said downpayment does not stay the sale runs contrary to due process safeguards and public policy.

The trial judge then soundly quoted the Pennsylvania Supreme Court, to the effect that the real estate tax sale laws are not meant to punish taxpayers whose failure stems from oversight or error, but are intended to protect local revenues against willful, persistent and longstanding delinquents. *Ross Appeal,* 366 Pa. 100, 106, 76 A.2d 749, 753 (1950). Moreover, as the trial judge also recognized, the purpose of the real estate tax sale laws is not to strip the taxpayer of his property but to insure the collection of taxes. *Tracy v. Chester County Tax Claim Bureau,* 507 Pa. 288, 297, 489 A.2d 1334, 1339 (1985); *Hess v. Westerwick,* 366 Pa. 90, 98, 76 A.2d 745, 748 (1950).

The key point here resides in the trial judge's finding of fact that the property owner suffered from "an *obvious* comprehension difficulty." (Emphasis added.) Of course, the law would be placed in a condition of instability and confusion if the validity of tax sales depended upon the subjective capacity of an owner to understand information imparted in good faith by tax claim bureau personnel. However, when the comprehension difficulty is *obvious,* so that tax claim bureau personnel can be

held responsible to take further steps to insure comprehension, then judicial intervention to cure the situation is indicated when they have not done so.

Accordingly, the sound decision of Trial Judge MICHAEL FRANCIOSA, setting aside the sale upon condition of full payment of unpaid taxes by the owner within forty-five days, will be affirmed.

### ORDER

NOW, May 27, 1988, the order of the Court of Common Pleas of Northampton County, at Civil Division Docket No. 1986-CM-6684, dated April 27, 1987, is affirmed.

Judge McGINLEY dissents.