558 A.2d 197

**Lawrence B. HALPERN and Corrine Dorsi, Appellants,**

**v.**

**MONROE COUNTY TAX CLAIM BUREAU and Fred Moses and Beth Moses, his wife, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 1988.

Decided May 17, 1989.

Petition for Allowance of Appeal Denied Nov. 27, 1989.

36

Peter J. Quigley, Stroudsburg, for appellants.

Charles P. Eyer, Stroudsburg, for Fred Moses, et al.

James P. Gregor, Stroudsburg, for Monroe County Tax Claim Bureau.

Before COLINS and SMITH, JJ., and KALISH, Senior Judge.

SMITH, Judge.

Lawrence B. Halpern (Halpern) and Corrine Dorsi (Dorsi) appeal from an order of the Court of Common Pleas of Monroe County dismissing Appellants' exceptions to the 1986 tax sale of a parcel of unimproved property in Monroe County which was sold by the Monroe County Tax Claim Bureau (Bureau) pursuant to the Real Estate Tax Sale Law (Tax Law)[1] for failure to pay taxes and confirming legal title in Fred and Beth Moses. The issue before this Court is whether the Bureau made a reasonable effort to give actual

[1]. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

notice to Dorsi of the pending tax sale of her property pursuant to Section 5860.607a of the Tax Law.[2] The trial court is reversed.

The property in question is located in Price Township, Monroe County, Pennsylvania and was originally acquired by Halpern and Frank Dorsi (Dorsi's son) in 1975. In 1983, Dorsi acquired her son's interest in the property and a deed was executed in the names of Halpern and Dorsi as joint tenants. By agreement of Appellants, Halpern handled payment of taxes for the property, and his New York address was listed on the deed. At all times relevant, Halpern resided at his New York address. Dorsi resided in Hazlet, New Jersey at the time she acquired the property, moved to Middleton, New Jersey in March of 1984 and was still living in Middleton at the time this appeal was filed. Dorsi never advised the Bureau of her change of address.

All real estate taxes on the property were paid until 1984 when a tax bill of approximately $153 was not satisfied. Pursuant to the Tax Law then in effect, the Bureau sent notice of the pending tax sale for delinquent taxes to Halpern by certified mail, return receipt requested on July 15, 1986 and July 17, 1986.[3] Neither of the receipts was returned by Halpern. The Bureau sent Halpern notice by ordinary mail on August 14, 1986. Halpern claims never to have received this third notice although it was not returned to the Bureau.

A certified mail notice of the sale was sent to Dorsi by the Bureau on August 6, 1986 at the Hazlet, New Jersey address but was returned to the Bureau marked "not deliverable as addressed, unable to forward." The ordinary mail notice sent to Dorsi on August 14, 1986 was similarly

2. Added by Section 30 of the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a, effective August 2, 1986.

3. Prior to August 2, 1986, Section 5860.602(e)(2), 72 P.S. § 5860.602(e)(2), required the Bureau to notify all owners by certified mail, return receipt requested, of the impending tax sale at least 30 days prior to the sale, and, if no receipt was returned, to again send notice to the owner by certified mail at least 10 days prior to the sale. Effective August 2, 1986, Section 5860.602(e)(2) was amended to provide that this second notice only be sent by first class mail.

returned. Within 30 days after the tax sale, the Bureau sent notices by certified mail to both Halpern and Dorsi advising them of the sale and of their right to file exceptions. Both Appellants claim they never received these notices, and there is nothing in the record to indicate that the the notices were in fact received by either party.

It should first be noted that this Court's scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa. Commonwealth Ct. 105, 536 A.2d 503 (1988). Strict compliance with the notice requirements of the Tax Law is required for the reason that they are "not meant to punish taxpayers whose failure stems from oversight or error, but are intended to protect local revenues against willful, persistent and longstanding delinquents." *Appeal of Dvorak*, 116 Pa. Commonwealth Ct. 409, 412, 542 A.2d 604, 605 (1988). As stated by the Supreme Court in *Hess v. Westerwick*, 366 Pa. 90, 98, 76 A.2d 745, 748 (1950), "the purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes."

Section 5860.607a of the Tax Law mandated additional notification efforts by the Bureau as follows:

(a) When any notification of a pending tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The bureau's efforts shall include, but not necessarily be restricted to, a search of

current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

(b) The notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by this act.

There is no evidence in the record before this Court to suggest that Dorsi received actual notice of the tax sale of her property in compliance with Section 602. All notices mailed to her were returned as unclaimed and the record is silent as to any other efforts made by the Bureau in compliance with Section 607a.

Even prior to the additional notification efforts mandated by Section 607a, this Court, in keeping with the decision in *Tracy v. County of Chester Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985), required the Bureau to make some reasonable effort to try and locate the property owner when the first notice attempt is unclaimed. *Rossi v. Indiana County Tax Claim Bureau,* 90 Pa. Commonwealth Ct. 255, 494 A.2d 526 (1985). *See also Schreiber v. Tax Claim Bureau,* 117 Pa. Commonwealth Ct. 588, 545 A.2d 950 (1988); *Ritz, Inc. Appeal,* 110 Pa. Commonwealth Ct. 566, 532 A.2d 1252 (1987), *appeal denied,* 520 Pa. 585, 549 A.2d 917 (1988).

Insofar as the Bureau failed to make any reasonable effort to effect actual notice to Dorsi, the tax sale of this property must be set aside. Because of this Court's ruling herein, the issues concerning the defective nature of the post-sale notice need not be addressed. The trial court is

therefore reversed, and the tax sale of Appellants' property is set aside.

## ORDER

AND NOW, this 17th day of May, 1989, the order of the Court of Common Pleas of Monroe County is reversed, and the tax sale of Appellants' property located at Lot 509, Section III, The Hamlet, Price Township, Monroe County is hereby set aside.

MacPHAIL, J., did not participate in the decision in this case.

COLINS, Judge, dissenting.

I respectfully dissent. In the present matter, considering the facts as found by the trial court, I do not believe that the Bureau's attempts to locate Corrine Dorsi were unreasonable. Dorsi herself testified that when she moved from Hazlet, New Jersey to Middletown, New Jersey, she neglected to notify the tax collector or anyone else from Monroe County of her new address. In addition, the record reveals that Dorsi's mail was never forwarded to her Middletown address subsequent to her move. It is reasonable to infer, therefore, that she also failed to notify the post office of her move. It is apparent that Dorsi failed to exert *any* effort to ensure that correspondence and obligations conducted via the postal service would continue to reach her following her move. I do not believe, therefore, that the Bureau had the responsibility of searching for Dorsi.

More importantly, however, the trial court found and the record confirms that Dorsi delegated all of the responsibilities for the property to Halpern. The trial court also found that Halpern was aware of the tax sale prior to, as well as, subsequent to its occurrence. Since Halpern and Dorsi's son, Frank, shared living quarters in New York, it is reasonable to conclude that either her son or Halpern could have contacted her to inform her of the tax sale. That neither of these men did not contact Dorsi is the risk to

which she exposed herself by delegating all responsibility for the property to Halpern.

Accordingly, I would affirm the order of the trial court.