571 A.2d 551

**In re Upset Sale, Tax Claim Bureau of Wayne County, Pennsylvania Held October 3, 1988.**

**Appeal of Larry MARRA, Jr. and Anthony C. Marra.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided March 15, 1990.

Raymond L. Hamil, for appellants.

Warren Scholesser, for appellee, Tax Claim Bureau of Wayne County.

Ronald M. Bugaj, Bugaj and Henry, Honesdale, for appellee, Michael E. Frank.

Before COLINS, PALLADINO and SMITH, JJ.

COLINS, Judge.

Larry Marra, Jr. and Anthony C. Marra (appellants) appeal an order of the Court of Common Pleas of Wayne County (trial court) which overturned a tax upset sale of certain unimproved real property. We reverse.

Michael E. Frank (taxpayer) purchased two parcels of unimproved land located in Paupack Township, Wayne County, Pennsylvania from Robert J. and Elizabeth F. Lynch in May, 1987 (Parcel 1, designated as Control No. 19–0–057438 and Parcel 2, designated as Control No. 19–0–057439). Parcel 1 (the property) was sold by the Wayne County Tax Claim Bureau (Bureau) on October 3, 1988, as a result of taxpayer's nonpayment of 1986 taxes and is the subject of this appeal.

Appellants purchased the property on October 3, 1988 at a tax sale held pursuant to the Real Estate Tax Sale Law [1] (tax law). Taxpayer filed exceptions to the sale and the

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.705.

matter was heard before the trial court on April 11, 1989. On April 21, 1989, the trial court issued an opinion and order setting aside the sale. This appeal followed.

Our scope of review in tax sale cases is limited to determining whether the trial court erred as a matter of law, rendered a decision with lack of supporting evidence, or abused its discretion. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988). Appellants argue that the trial court erred in "balancing" the interests of taxpayer with those of the government when the Bureau complied with all the notice requirements of the law and there was no violation of taxpayer's due process rights; that the trial court erred in finding that the Bureau's notice to taxpayer indicated that he had until July 1, 1989, to pay his taxes; and, that the trial court erred in finding that taxpayer's failure to pay his taxes was through oversight or error and not willful or deliberate.

The trial court's findings of fact are as follows:

1. The property was sold for nonpayment of 1986 taxes.

2. [Taxpayer] purchased the property in May of 1987.

3. The tax sale of the property took place on October 3, 1988.

4. A Statement of Delinquent Tax Claims was received by [taxpayer] involving unpaid taxes.

5. A Notice of Public Sale was received by [taxpayer] indicating the property would be subject to tax sale on September 26, 1988.

6. Notice of delinquency of 1986 taxes was sent to the Honesdale National Bank care of Robert J. and Elizabeth F. Lynch the registered owners at that time.

7. The property was posted on September 11, 1988 by John Nolan.

8. The Tax Claim Bureuau [sic] fully complied with the requirements of 72 P.S. Section 5860.308 and 72 P.S. Section 5860.602.

9. The Statement of Delinquent Tax Claims received by [taxpayer] indicated that he had until July 1, 1989 to pay his taxes.

10. The failure of [taxpayer] to pay his taxes was through oversight or error and certainly was not willful or deliberate.

Neither party disputes that the Bureau complied with all the notice requirements of the tax law. Appellants argue, therefore, that taxpayer was afforded all of his due process rights, which should have ended the inquiry. Appellants argue that the trial court, in support of its holding that taxpayer's failure to pay his delinquent taxes was an oversight, erroneously applied the reasoning of the Pennsylvania Supreme Court in *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985) and *Ross Appeal,* 366 Pa. 100, 76 A.2d 749 (1950); and the reasoning of this Court in *Appeal of Dvorak,* 116 Pa.Commonwealth Ct. 409, 542 A.2d 604 (1988). We agree.

In *Ross,* the Bureau never provided the record owner of the subject property with notice of the delinquent taxes. Consequently, the taxes were never paid and the property was sold at tax sale. In overturning the sale, the Supreme Court stated:

[t]he strict provisions of the [tax law] were never meant to punish taxpayers who omitted through oversight or error ... to pay their taxes. Tax acts were rather meant to protect the local government against *wilful, persistent, long standing delinquents for whom we hold no brief, and to whom the appellate court decisions have consistently given short shrift.* (Emphasis added.)

*Id.,* 366 Pa. at 107, 76 A.2d at 753. Clearly, the "oversight or error" of the taxpayer in *Ross* in failing to pay the delinquent taxes was a result of the Bureau's failure to provide the required notice.

In *Tracy,* final notice of the impending sale of the subject property was returned to the Bureau undelivered and the property was sold at tax sale. The Supreme Court reversed this Court and set aside the tax sale on the basis that the

notice provisions of the tax law were not complied with. The court held that due process requires that the Bureau must make *reasonable efforts* to notify the record owner of the land before his land is forfeited by the state.

In *Dvorak*, the Bureau complied with all the notice requirements of the tax law and the property owner showed an intention to stay the sale by making a substantial payment of the delinquent taxes but then failed to take any further action. This Court set aside the resultant tax sale on the basis that the Bureau did not take adequate steps to insure that the owner, an uneducated immigrant, who suffered from an *obvious comprehension disability*, was not confused and uncertain as to his rights. Judge Craig, writing for the Court, emphasized that the holding was narrowly tailored to the facts therein, and further declared: "[o]f course, the law would be placed in a condition of instability and confusion if the validity of tax sales depended upon the subjective capacity of an owner to understand information imparted in good faith by tax claim bureau personnel." *Id.*, 166 Pa.Commonwealth Ct. at 412, 542 A.2d at 606.

These cases do not support the holding of the trial court in the instant matter. Taxpayer herein *was* properly notified of the delinquent taxes and impending sale of his property. He does not assert that he is illiterate or that he was unable to comprehend what his rights and obligations were. Rather, taxpayer is asking this Court for relief solely on the basis of his erroneous assumptions. Taxpayer is a college professor by profession who speculates in real estate as a sideline.

Taxpayer testified that when he purchased the property, he assumed that all the taxes had been paid up to date and that the Bureau's inclusion of delinquent 1986 taxes in the notice he subsequently received in June of 1988 for the delinquent 1987 taxes was simply the Bureau's error. He claimed that because of a warning printed on this notice stating, in pertinent part: "IF YOU PAY THIS TAX CLAIM BEFORE JULY 1, 1989 YOUR PROPERTY WILL NOT BE SOLD," that he believed he had until July 1, 1989

to pay the 1986 taxes. The Bureau notes that this warning clearly referred only to payment of the 1987 delinquent taxes. Albeit, taxpayer should have been alerted that he did *not* have until July 1, 1989 to pay the 1986 taxes when, on August 11, 1988, he received a subsequent notice by certified mail that the property would be sold on October 3, 1988 at 10:00 A.M. for nonpayment of the 1986 taxes. Moreover, three days after receiving the notice of sale, taxpayer telephoned the Bureau, which informed him that the 1986 taxes were in fact delinquent and had not been paid.

Taxpayer testified that he then contacted his attorney's office, which provided him with a receipt containing only the control number 057439, which evidenced payment of taxes on Parcel 2 of his original purchase. He claimed he assumed that the receipt evidenced that taxes were also paid on Parcel 1, the subject property, and that the Bureau simply noted an incorrect control number. Taxpayer stated that it was his experience that the Bureau is wrong so often that he doesn't bother to look at control numbers. Taxpayer testified that he never spoke with the Bureau after that because he assumed his attorney would take care of the matter.

Clearly the taxing authorities did all they could have done. The "oversights or errors" which taxpayer alleges to have occurred were serious misjudgments by either himself or his attorney, through no fault of the taxing authorities.

Whether taxpayer was supplied the wrong information by his attorney is not a basis upon which this Court can conclude that taxpayer's due process rights were violated. Taxpayer here failed to safeguard his own interest. He admitted in his testimony that he traditionally allows his taxes to become overdue and frequently chooses to ignore them until the eleventh hour.

This Court has never before held and refuses to hold now that a taxpayer's mere assertions of mistaken beliefs are sufficient to overturn a tax sale and deny the rights of valid purchasers who followed proper procedure. To hold other-

wise would seriously jeopardize the ability of the taxing authorities to recover unpaid taxes through tax sales of property since there would be no certainty as to whether a subsequent purchaser could gain clear title.

Accordingly, we reverse the order of the trial court.

## ORDER

AND NOW, this 15th day of March, 1990, the order of the Court of Common Pleas of Wayne County is reversed.