## Brown v. Monroe County Tax Claim Bureau

*Gerard J. Geiger,* for petitioners.

*Jule Ann Gaige,* for respondent Monroe County Tax Claim Bureau.

*Steven D. Gladstone,* for respondent Pocono Hickory Lane Inc.

O'BRIEN, *J.,* April 24, 1992—

### FINDINGS OF FACT

(1) The petitioners, as tenants in common, purchased a parcel of land situate in Coolbaugh Township, Monroe County, Pennsylvania designated as Lot no. 7708, section (u) on a map of Pocono Farms by virtue of a deed dated December 6, 1976, and recorded in the office for the recording of deeds in and for Monroe County, Pennsylvania in Deed Book volume 857, page 326. The property is identified by Tax Code no. 3/7G/3/6.

(2) After petitioners failed to make payment of real estate taxes for 1989, the Tax Claim Bureau scheduled

a tax sale of the property for September 17, 1991. The Tax Claim Bureau dispatched separate notices of the tax sale by certified mail, restricted delivery, return receipt requested to each petitioner at their respective addresses. Each of the certified mail was returned to the Tax Claim Bureau for different reasons.

(3) The certified mail addressed to petitioner Robert E. Brown was returned indicating a new address in Irmo, South Carolina. The Tax Claim Bureau, within the statutory period allowed, dispatched a notice to Brown at his new address which was received by him.

(4) When the certified mail of Alston E. Vervoort was returned, the bureau made an investigation and determined a new address for him in Holmdel, New Jersey and dispatched a notice by first class mail to him within the statutory period which was received by him.

(5) When the certified mail addressed to petitioner Thomas G. Jennings was returned marked "unclaimed," the Tax Claim Bureau dispatched a notice by first class mail to the same address which was not returned to the bureau. The address in Monmouth Beach, New Jersey is the same address alleged by petitioner Jennings as his current address in his petition to set aside the tax sale.

(6) The petitioners also own a second lot in the Pocono Farms development in Coolbaugh Township, Monroe County, Pennsylvania designated as Lot 7710, section (u) which is identified by Tax Code no. 3/7G/3/7. On July 29, 1991, petitioner Alston E. Vervoort dispatched a check in the amount of $611.05 in payment of the taxes on that lot. However, no payment was

made of the taxes due and owing on the lot which is the subject of this proceeding.

(7) On September 17, 1991, the petitioners' lot was sold by the Tax Claim Bureau to respondent Pocono Hickory Lane Inc.

## DISCUSSION

The purpose of the notice provisions of the tax sale statute is to guard against the deprivation of property without due process of law. In light of that purpose, both the courts and the legislature have made the notice requirements more stringent over the years. *Geier v. Tax Claim Bureau,* 131 Pa. Commw. 321, 570 A.2d 134 (1990), *aff'd,* 527 Pa. 41, 588 A.2d 480. The statute now requires that the Tax Claim Bureau make reasonable efforts to locate a party who does not properly respond to the mailed notice. *Id.* Further, the Tax Claim Bureau has the burden of proving compliance with the notice provisions. *Id.* Strict compliance with the notice requirements is required since it is not meant to punish taxpayers whose failure to make payment stems from oversight or error, but rather is intended to protect local revenues against willful, long-standing and persistent delinquents. *Halpern v. Monroe County Tax Claim Bureau,* 126 Pa. Commw. 35, 558 A.2d 197 (1989).

Petitioners contend that the Tax Claim Bureau did not exercise reasonable efforts to locate and notify them of the pending sale and failed to make a notation in the bureau's file indicating their additional efforts as required under the Real Estate Tax Sale Law. The Tax Sale Law provides in pertinent part as follows:

"(1) At least 30 days before the date of the sale, by U.S. certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

"(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least 10 days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by U.S. first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 P.S. §5860.602(e).

"(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and

prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act." 72 P.S. §5860.607a.

In the case at bar, the Tax Claim Bureau sustained its burden of proving compliance with the notice provisions. Following a return of the original certified mail notices of the tax sale, the Tax Claim Bureau sent the follow-up notice mandated by statute to a correct address which had been discovered by the bureau for each petitioner. In the case of petitioner Robert E. Brown, his address changed from Wanamassa, New Jersey to Irmo, South Carolina. In the case of petitioner Alston E. Vervoort, his address changed from Wanamassa, New Jersey to Holmdel, New Jersey. In the case of petitioner Thomas G. Jennings, his address remains the same today as it was at the time of the tax sale. We reject the argument by counsel for petitioners that even though the Tax Claim Bureau discovers a correct address, they must go through the useless task by taking all the other steps enumerated in the statute ("search of current telephone directories," etc.). We conclude that once the Tax Claim Bureau determines a correct address and sends notice of the sale to the property owner at that address, no further search efforts are required.

We also reject petitioners' argument premised on the principles of equitable estoppel. A check produced

by petitioners at trial for payment of taxes has a specific notation of applying to a lot which is not the subject of this proceeding. Since the petitioners made no payment whatsoever on the taxes due and owing on this lot, the installment agreement provision recited in petitioners' brief would have no application in this proceeding.

## CONCLUSIONS OF LAW

(1) The Tax Claim Bureau of Monroe County complied with all statutory provisions of the Real Estate Tax Sale Law in notifying petitioners prior to exposing the subject property to sale.

(2) Pocono Hickory Lane Inc. as purchasers at the tax sale have valid title to Lot 7708, section (u) on a map of Pocono Farms, Coolbaugh Township, Monroe County, Pennsylvania.

## ORDER

And now, April 24, 1992, following hearing, it is ordered as follows:

(1) The petition of Robert E. Brown, Alston E. Vervoort and Thomas G. Jennings to set aside the tax sale of their property identified by Tax Code no. 3/7G/3/6 is dismissed.

(2) Legal title to Lot no. 7708, section (u) on a map of Pocono Farms, Coolbaugh Township, Monroe County, Pennsylvania conveyed by the Tax Claim Bureau of Monroe County to Pocono Hickory Lane Inc. by virtue of a tax sale conducted on September 17, 1991, is valid as against Robert E. Brown, Alston E. Vervoort and Thomas G. Jennings, their heirs, successors and assigns.