**Thomas S. STEINBACHER and Dawn L. Steinbacher, his wife, Appellants**

v.

**NORTHUMBERLAND COUNTY TAX CLAIM BUREAU and Charles Johns.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 17, 2010.

Decided May 26, 2010.

As Amended July 22, 2010.

Benjamin E. Landon, Williamsport, for appellants.

Hugh A. Jones, Sunbury, for appellees.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SIMPSON, Judge, LEAVITT, Judge, BROBSON, Judge, McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Thomas S. Steinbacher and Dawn L. Steinbacher, his wife, appeal from the February 18, 2009, order of the Court of Common Pleas of Northumberland County (trial court) denying their petition to set aside a tax sale. We reverse.

The Steinbachers were the record owners of tax parcel No. 021–00–007–048–A, situated in Delaware Township, Northumberland County, Pennsylvania (Property).[1] After the Steinbachers separated in 2001, Dawn continued to reside at the Property, and Thomas lived elsewhere. Due to nonpayment of real estate taxes, the Northumberland County Tax Claim Bureau (Bureau) listed the Property for a tax sale to be conducted on September 24, 2008. Pursuant to section 602 of the Real Estate Tax Sale Law (Law),[2] the Bureau sent

---

1. The Property's address is 467 Turkey Path Road, Watsontown, Pennsylvania; its former address was RR1, Box 387, also in Watsontown.

2. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602. In relevant part, section 602 of the Law requires the Bureau to provide three separate methods of notice: publi-

each of the Steinbachers notice thirty days prior to the scheduled sale. Both notices were sent to the Property's address by certified mail, restricted delivery, return receipt requested, and both notices were returned, undelivered. The Bureau then sent each of the Steinbachers notice by first class mail to the Property's address, as evidenced by a proof of mailing dated September 4, 2008. On September 12, 2008, the Bureau personally served Dawn with notice of the tax sale.

The Property was sold at the September 24, 2008, tax sale to Charles Johns. The Bureau subsequently sent each of the Steinbachers notice by certified mail, restricted delivery, informing them that the Property had been sold. Dawn's signed receipt was returned, but Thomas' notice was returned as "not deliverable." (R.R. at 64a.) Thereafter, the Steinbachers filed a timely petition to set aside the tax sale, alleging that the Bureau failed to comply with the notice requirements of the Law.

At a hearing before the trial court on December 23, 2008, the parties stipulated that the Property was posted, and Patricia Yasenchak, the Bureau's director, testified that the Property was properly advertised in three local newspapers and a legal journal. Yasenchak further testified that all notices concerning the tax sale were sent to the Property's address, R.R. 1, Box 387, Watsontown, Pennsylvania, and that the two notices sent to Thomas Steinbacher via certified mail were returned marked "not deliverable as addressed." Yasenchak stated that she receives information automatically from the Assessment Office and that neither the Assessment Office nor the Bureau was informed that Thomas Steinbacher was living at an address different from the address of the Property. Yasenchak testified that she also looked in the Sunbury area telephone book but found no listing for Thomas Steinbacher.[3] Yasenchak acknowledged that she made no additional efforts to ascertain Thomas Steinbacher's correct address. (R.R. at 27a–34a.)

Thomas Steinbacher testified that he presently lives at Heshbon Road in Williamsport, Lycoming County, and that he has not lived in Northumberland County since he separated from his wife in 2001. According to Thomas, he first learned of the tax sale from his daughter on September 28, 2008, when his wife was hospitalized with an anxiety attack. Thomas admitted that he did not inform the Bureau that he had changed his address. (R.R. at 37a–42a.)

Dawn Steinbacher testified that she misunderstood the notice she received to mean that she had until September to pay the taxes. Dawn stated that tax payments were a problem ever since she and her husband separated. Dawn also testified that she went to the tax office in 2001 and told them that she was the only person

cation at least thirty days prior to the sale; notification by certified mail at least thirty days prior to the sale; and posting of the property at least ten days prior to the sale. The statute also provides that, if a return receipt is not received from each owner, then, at least ten days before the date of the sale, similar notice of the sale must be given to each owner who failed to acknowledge the first notice. This second notice is to be sent by United States first class mail, proof of mailing, at his last known post office address "by virtue of the knowledge and information

possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 P.S. § 5860.602(e)(2).

3. Yasenchak stated that she "looked in the Sunbury, and the surrounding area, that telephone book...." (R.R. at 34a.)

living at the Property and was the only one who would be paying the taxes. (R.R. at 46a–49a.)

The trial court concluded that the Bureau satisfied the notice requirements of section 602 of the Law and made reasonable efforts to locate Thomas as required by section 607.1 of the Law.[4] Accordingly, the trial court denied the petition to set aside the tax sale by order dated February 18, 2009.

 On appeal to this Court,[5] the Steinbachers first argue that the Bureau failed to establish compliance with the notice requirements of section 602 because the Bureau did not submit proof of publication, Dawn did not understand the notice she received and Thomas did not receive any of the notices sent to the Property. However, as the trial court correctly observed, Yasenchak's testimony that the property was properly advertised constitutes sufficient evidence to establish that fact. In addition, Dawn acknowledged that she received prior notice of the sale and, although she asserts that she did not understand the notice, she does not challenge the form or sufficiency of the information she received. With respect to Thomas, the record confirms that the Bureau provided notice via publication, posting, certified mail, and regular mail as required by section 602, and the fact that notice was not actually received by Thomas does not defeat the tax sale. *In Re Upset Tax Sale Held 11/10/97,* 784 A.2d 834 (Pa.Cmwlth. 2001).

 The Steinbachers also assert that, after notice to Thomas was returned as not deliverable, the Bureau failed to make the additional notification efforts to locate Thomas that are specifically required by section 607.1 of the Law. In relevant part, section 607.1(a) provides as follows:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner ... and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, *the bureau must exercise reasonable efforts* to discover the whereabouts of such person or entity and notify him. *The bureau's efforts shall include, but not necessarily be restricted to,* a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. *When such reasonable efforts have been exhausted,* regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

---

**4.** Section 607.1 of the Law was added by the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a.

**5.** Our scope of review of an order denying a petition to set aside a tax sale is limited to determining whether the trial court abused its

discretion, erred as a matter of law or rendered a decision with a lack of supporting evidence. *McElvenny v. Bucks County Tax Claim Bureau,* 804 A.2d 719 (Pa.Cmwlth. 2002).

72 P.S. § 5860.607a(a) (emphasis added). The Steinbachers contend that the Bureau did not satisfy the mandate of section 607.1 because the Bureau did not search current telephone directories for the county or the dockets of the county tax assessment offices, recorder of deeds office or prothonotary's office.

In *Rice v. Compro Distributing, Inc.*, 901 A.2d 570, 573 (Pa.Cmwlth.2006), we described these efforts as "the mandatory minimum search required by [s]ection 607.1 of the Law." However, according to Yasenchak's testimony, the Bureau did not undertake even one of these tasks. Rather than searching "current directories for the county," Yasenchak looked in one, local directory, and she admittedly undertook no further efforts to discover Thomas' correct address. Nonetheless, the Bureau asserts that its efforts were sufficient to satisfy its statutory obligation because Thomas never notified the Bureau of any change in address and there is no evidence that the Bureau could have obtained that information from any county records. The Bureau points out that even Dawn did not know his current address.

We have repeatedly held that strict compliance with the Law's notice provisions is essential to prevent the deprivation of property without due process. *Rice* (holding that, where notices were returned as undeliverable and indicated that a forwarding address had expired, section 607.1 of the Law required the tax bureau to contact the post office or undertake other reasonable efforts to locate the property owner); *Smith v. Tax Claim Bureau of Pike County*, 834 A.2d 1247 (Pa.Cmwlth. 2003) (holding that, where husband and wife separated, wife moved, husband signed receipt for separate notice addressed to his wife, and post-sale notices were returned as "unclaimed," tax sale was properly set aside based on tax bureau's failure to comply with the notice require-

ments of section 607.1); *Halpern v. Monroe County Tax Claim Bureau*, 126 Pa. Cmwlth. 35, 558 A.2d 197 (1989) (setting aside tax sale where notices mailed to an owner were returned as unclaimed and tax bureau made no additional efforts to locate the owner as required by section 607.1).

In addition, we have frequently observed that where notice is at issue, the proper focus "is not on the alleged neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of the statute." *Smith*, 834 A.2d at 1251 (citing *Chester County Tax Claim Bureau v. Griffith*, 113 Pa.Cmwlth. 105, 536 A.2d 503 (1988)). We also have made clear that "[w]hether the statutory task is pointless does not excuse its attempted performance." *Smith*, 834 A.2d at 1252. Thus, the Bureau's arguments on appeal are contrary to well-settled law.

Accordingly, we reverse.

### ORDER

AND NOW, this 26th day of May, 2010, the order of the Court of Common Pleas of Northumberland County, dated February 18, 2009, is hereby reversed.