IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun M. Willis and Shannon C.  :
Willis,                          :
                    Appellants   :
                                 :
        v.                       :  No. 229 C.D. 2023
                                 :
Schuylkill County Tax Claim Bureau :  Argued:  December 4, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                         FILED:  January 18, 2024

Shaun M. Willis (Mr. Willis) and Shannon C. Willis (Ms. Willis) (collectively, Taxpayers) appeal from the February 23, 2023 order of the Court of Common Pleas of Schuylkill County (trial court) overruling Taxpayers' objections to an upset sale held on September 26, 2022, which disposed of real property located at 209 East A Street, Girardville, Pennsylvania (Property).  The issues before this Court are whether the Schuylkill County (County) Tax Claim Bureau (Bureau) complied with the notice requirements in Section 602 of the Real Estate Tax Sale Law (RETSL),[1] whether the trial court erred in admitting the Bureau's evidence that notice of the upset sale was properly posted or mailed to Taxpayers, whether the Bureau should have made additional efforts to locate Taxpayers, and whether the trial court erred in granting the Bureau's Petition to Waive Personal Notice of Upset Sale.  Because the Bureau was obligated by Section 607.1(a) of RETSL, 72 P.S. §

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

5860.607a(a),[2] to take additional efforts to notify Taxpayers of the upset sale, and failed to do so, we reverse the trial court.

## I. Background

Section 602 of RETSL, 72 P.S. § 5860.602, provides that notice of an upset sale must be made by (1) publication, at least 30 days prior to the scheduled sale, in two newspapers of general circulation in the county and in the legal journal designated for publishing legal notices, (2) certified mail, restricted delivery, return receipt requested, postage prepaid, to each property owner, and (3) posting notice on the property at least 10 days prior to the sale. Regarding notice by certified mail, Section 602(e)(2) of RETSL states that, if a return receipt is not received from each owner, notice of the sale must be sent at least 10 days before the date of the sale by First-Class mail, with proof of mailing, to the last known post office address of each owner that failed to acknowledge the first notice. 72 P.S. § 5860.602(e)(2). Where a property is owner-occupied, Section 601(a)(3) of RETSL requires that notice of the upset sale must be personally served on the owner-occupant at least 10 days prior to the sale. 72 P.S. § 5860.601(a)(3). Additionally, when a mailed notice is either returned without the required signed receipt, Section 607.1(a) of RETSL provides that the taxing authority "must exercise reasonable efforts to discover" the addressee's whereabouts. Such efforts include searching current telephone directories for the county, searching dockets and indices of the county tax assessment office, the office of the recorder of deeds, and the prothonotary's office, and contacting any alternate address or telephone number contained in the taxing authority's file for the property.

---

[2] Added by the Act of July 3, 1986, P.L.351, 72 P.S. § 5860.607a(a). Section 607.1(a), in pertinent part, requires additional notification efforts be made where a mailed notification is returned without the required receipted personal signature of the addressee.

The county tax bureau bears the burden of proving compliance with RETSL's notice provisions, which are to be strictly construed. *In re Tax Sale of Real Prop. Situated in Jefferson Twp.*, 828 A.2d 475, 478-79 (Pa. Cmwlth. 2003). Compliance with these provisions is essential to prevent the deprivation of property without due process. *Id.* at 479. If any one of the three types of notice – publication, posting, or mail – is defective, the tax sale is void. *In re Consol. Reps. and Return by Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 645 (Pa. Cmwlth. 2016).

On September 26, 2022, the Bureau conducted an upset tax sale of the Property due to delinquent real estate taxes owed for 2020 and 2021.[3] Taxpayers objected to the upset tax sale on November 16, 2022, alleging that the Bureau failed to provide Taxpayers adequate notice of the upset sale by mail and posting. Reproduced Record (R.R.) at 6a. Moreover, when mailed notices were returned to the Bureau as undeliverable, the Bureau failed to make additional efforts to notify Taxpayers of the scheduled upset sale. Therefore, Taxpayers requested that the trial court set aside the upset sale and reinstate Taxpayers' right to redeem the Property by paying the delinquent real estate taxes.

The trial court held a hearing on Taxpayers' objections on February 6, 2023. Although Taxpayers did not appear at the hearing, they were represented by counsel. Russell Motsko, a clerk with the Bureau, testified that on May 26, 2022, the Bureau sent Mr. Willis and Ms. Willis separate notices of the upset sale to the Property's address by certified mail, restricted delivery. The United States Postal Service (USPS) made three attempts to deliver the notices before returning them to the

_____

[3] The delinquent taxes for the Property totaled $2,047.53, as of September 26, 2022, the date of the upset sale.

Bureau as unclaimed.[4] On August 10, 2022, the Bureau sent Mr. Willis and Ms. Willis separate notices of the upset sale by First-Class mail. These notices were not returned. An affidavit of posting filed by David Briggs, the Bureau's "property poster[,]" indicated that Mr. Briggs posted notice of the upset sale on July 21, 2022, in the front window of a home located on the Property. Notice of the sale was published on August 25, 2022. In addition, Mr. Briggs attempted to personally serve Taxpayers notice of the upset sale on July 21, 2022, July 27, 2022, and September 10, 2022. Because the Bureau was unable to effectuate personal service of the upset sale notice, the Bureau filed a Petition to Waive Personal Notice of Upset Sale, which the trial court granted on September 20, 2022.

During cross-examination, Mr. Motsko agreed that he did not have any "independent knowledge" that the Property was owner-occupied; however, the Bureau's records reflected that Taxpayers resided at the Property, and the mailing address for Taxpayers "was never changed by anyone." *Id.* at 44a. Mr. Motsko acknowledged that he did not personally place the upset sale notices in the envelopes sent to Taxpayers by certified or First-Class mail; however, the Bureau's file contained the unclaimed notices sent by certified mail. Mr. Motsko agreed that the notices sent by First-Class mail had not been returned, so he had no proof of what the First-Class envelopes contained.

The trial court overruled Taxpayers' objections on February 23, 2023. The trial court credited Mr. Motsko's testimony that the Bureau had no reason to believe the Property was not owner-occupied, and Taxpayers failed to appear at the hearing to testify or present evidence to the contrary. Furthermore, the upset sale notices sent to Taxpayers by First-Class mail were not returned by the USPS as

_____

[4] The record reflects that delivery was attempted on May 28, 2022, June 2, 2022, and June 12, 2022.

4

undeliverable or with a notation that the address was incorrect. As a result, the trial court concluded that the Bureau was not required to make additional efforts to ascertain Taxpayers' whereabouts.

The trial court also rejected Taxpayers' argument that the Bureau failed to prove the upset sale notices were sent because Mr. Motsko did not personally observe their placement in envelopes addressed to Taxpayers. The trial court considered such a requirement an unreasonable burden on the Bureau. Because the appropriate notices were first sent by certified mail, and returned to the Bureau as unclaimed, the trial court concluded that the appropriate notices were also sent by First-Class mail. Accordingly, the trial court held that the Bureau complied with the notice requirements in RETSL. This appeal followed.[5]

## II. Issues

On appeal, Taxpayers argue that the trial court erred in concluding that the Bureau complied with the notice requirements in RETSL, that the trial court erred in admitting Mr. Briggs' affidavit of posting and Mr. Motsko's testimony regarding the notices mailed to Taxpayers, and that the trial court erred in granting the Bureau's Petition to Waive Personal Notice of Upset Sale.

## III.   Discussion

### A. Additional Notification Efforts under Section 607.1(a)

First, we address whether the Bureau was required to make additional efforts to notify Taxpayers of the upset sale. Section 607.1(a) of RETSL relevantly provides that, when notice of a pending tax sale is mailed to any owner "whose

---

[5] Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *777 L.L.P. v. Luzerne Cnty. Tax Claim Bureau*, 111 A.3d 292, 296 n.3 (Pa. Cmwlth. 2015).

property interests are likely to be significantly affected by such tax sale," and the notice is "returned without the required receipted personal signature of the addressee," the county tax bureau "**must exercise reasonable efforts** to discover the [property owner's] whereabouts[.]" 72 P.S. §5860.607a(a) (emphasis added). The notice provisions in RETSL "must be strictly construed lest a person be deprived of property without due process." *Maya v. Cnty. of Erie Tax Claim Bureau*, 59 A.3d 50, 55 (Pa. Cmwlth. 2013). Where a certified mailing is unclaimed, "the tax claim bureau must prove that it made 'reasonable efforts to discover'" the property owner's whereabouts. *Id.* The exercise of reasonable efforts under Section 607.1 applies even when the notices have been sent to the correct address. *Grove v. Franklin Cnty. Tax Claim Bureau*, 705 A.2d 162 (Pa. Cmwlth. 1997). Where notice is an issue, the court's focus is not on any alleged neglect of the owner but whether the tax claim bureau has complied with the statutory requirements. *Steinbacher v. Northumberland Cnty. Tax Claim Bureau*, 996 A.2d 1095, 1099 (Pa. Cmwlth. 2010). Whether a "statutory task is pointless does not excuse its attempted performance." *Id.* (internal citations omitted).

Instantly, Taxpayers maintain that the Bureau was required to undertake additional efforts to locate their whereabouts because the upset sale notices sent by certified mail were returned without Taxpayers' signatures. Instead, the Bureau failed to "exercise even a modicum of effort" to locate their whereabouts under Section 607.1(a). Taxpayers' Br. at 19. Taxpayers assert, therefore, that the upset sale must be set aside.

We agree with Taxpayers that the Bureau failed to make the requisite additional efforts under Section 607.1(a). It is undisputed that the notices sent by certified mail were returned by the USPS as unclaimed. Per the plain language of

Section 607.1(a) of RETSL, which must be strictly construed, the Bureau was required to "exercise reasonable efforts to discover" Taxpayers' whereabouts. 72 P.S. § 5860.607a(a). Mr. Motsko's testimony confirms that the Bureau did not exercise reasonable efforts to locate Taxpayers, as Mr. Motsko relied on the address contained in the Bureau's records.[6]

Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a) provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intent of the General Assembly." Where "the words of a statute are free and clear from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The language in Section 607.1(a) of RETSL is unambiguous - the Bureau was obligated to make reasonable efforts to locate Taxpayers once the certified mail notices were returned unclaimed. The trial court erred in concluding otherwise. The Bureau could have satisfied its burden under Section 607.1(a) by simply looking in the telephone directory or searching the dockets of other county offices and making note of its efforts in the Property's file. Instead, the Bureau sold the Property at an upset sale

---

[6] The Bureau specifically relied on two entries of claim (EOC) setting forth the delinquent taxes for 2020 and 2021, which the Bureau sent to Taxpayers by certified mail at the Property's address and which Taxpayers purportedly received on April 10, 2021, and April 25, 2022, respectively. Notably, service of the EOC for the 2020 taxes was deemed complete under the USPS's "COVID 19" policy, by which the postal carrier would notify Taxpayers they had certified mail. R.R. at 30a. The postal carrier would then place the certified mail in the mailbox or "on the porch or table or something[,]" initial and date the return receipt, and mark the receipt "COVID 19." *Id.* This Court has recently rejected a return receipt containing the recipient's printed name in the signature block and "Covid 19 RT 41" in the "received by" space as insufficient proof of notice by certified mail under Section 602(e)(1) of RETSL. *See Williams v. Cnty. of Monroe* (Pa. Cmwlth., No. 666 C.D. 2022, slip op. at 4, filed August 29, 2023), *rearg. denied* October 16, 2023, 2023 WL 5535206.

for $3,713, which represents approximately 10% of the Property's fair market value, according to the Bureau's sale documents.

Because the Bureau failed to make additional notification efforts under Section 607.1(a) of RETSL, we reverse the trial court's order overruling Taxpayers' objections to the upset sale.  We need not address Taxpayers' remaining arguments.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun M. Willis and Shannon C.    :
Willis,    :
             Appellants    :
    :
          v.    :  No. 229 C.D. 2023
    :
Schuylkill County Tax Claim Bureau  :

# **O R D E R**

AND NOW, this 18th day of January, 2024, the February 23, 2023 order of the Court of Common Pleas of Schuylkill County is hereby REVERSED.

_____
ELLEN CEISLER, Judge