# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Metropolitan Properties, LLC,      :
                     Appellant  :
                                   :
           v.                  :   No. 439 C.D. 2023
                                   :   ARGUED: December 9, 2024
Dauphin County Tax Claim Bureau  :
and C&C Homes, LLC            :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: January 9, 2025**

Metropolitan Properties, LLC (Metropolitan) appeals from the order of the Court of Common Pleas of Dauphin County denying its petition to set aside the upset tax sale of its property. At issue is whether the trial court erred in determining that the Dauphin County Tax Claim Bureau complied with the statutory notice requirements of the Real Estate Tax Sale Law (Tax Sale Law).[1] Because it did not, we are compelled to reverse.

The pertinent background is as follows. Metropolitan owned the subject property located at 2460 Reel Street, Harrisburg, Pennsylvania. Reproduced Record (R.R.) at 2a, 10a, 61a. Metropolitan failed to pay taxes on the property for the 2020 tax year and the property was ultimately sold to Evana Wilson at an upset tax sale on September 14, 2022. R.R. at 2a, 23a, 33a, 86a. The sale was confirmed

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 – 5860.803.

absolutely in November 2022, and the deed was recorded thereafter. R.R. at 2a. Metropolitan subsequently filed its petition to set aside the tax sale in February 2023, and the trial court conducted a hearing on March 29, 2023. R.R. at 2a, 84a.

At the outset of the hearing, the trial court Judge briefly questioned Ms. Wilson regarding her use of the property as well as that of Metropolitan. Ms. Wilson explained that she purchased the property with the intent to live there with her son, but she had not moved into the home yet because the prior tenant was still living there and repairs were needed. R.R. at 86a-90a. Counsel for Metropolitan further clarified that it held the property for investment purposes and that the property was currently leased. R.R. at 86a-87a.

Holly Martz, the Bureau's Deputy Director of 14 years, testified regarding the Bureau's procedures in conducting the sale. *See* R.R. at 91a-105a. Martz explained that the Bureau sent the initial notice of return and claim for unpaid taxes to Metropolitan at 311 Wertzville Road, Enola, Pennsylvania (Enola address), the address listed on the deed to Metropolitan. R.R. at 19a, 40a. The notice was sent by certified mail on April 23, 2021, and was returned to the Bureau with a label stating that Metropolitan had "moved, left no address, unable to forward[.]" R.R. at 40a-41a. The Bureau then posted a yellow return of claim form on the property on August 11, 2021, stating the amount of taxes owed. R.R. at 42a-43a. Because the taxes remained unpaid after this posting, the Bureau sent Metropolitan a notice of public tax sale by certified mail to the Enola address on July 22, 2022. R.R. at 44a-45a. Again, this notice was returned to the Bureau with a label indicating "not deliverable as addressed, unable to forward." R.R. at 44a.

Martz testified that her staff then searched for another address for Metropolitan in Harrisburg City's Metro system which shows all properties located

within the city. They also searched the Bureau's Devnet software which contains information for all properties in Dauphin County. Bureau staff was unable to find an alternate address for Metropolitan, so a second sale notice was sent by First-Class Mail to Metropolitan's Enola address on August 31, 2022. R.R. at 31a-32a. This notice was also returned to the Bureau as "not deliverable as addressed, unable to forward." *Id.* The property was posted again with notice that it would be exposed at the upcoming public sale on September 14, 2022, and the sale was published in The Sun, the Dauphin County Reporter, and The Patriot News. R.R. at 52a-53a, 46a-51a.

On cross-examination, Martz explained that Devnet is the software used by the county assessment office. R.R. at 104a. She admitted that her staff did not check with the Recorder of Deeds or the Prothonotary's Office for an alternate address for Metropolitan, and that a telephone search was not performed because the Bureau does not have telephone directories for the county. *Id.* While her staff almost always checks the internet, Martz did not have any record showing that was done here. *Id.* Bureau staff also did not check with the Register of Wills because that is only done when the property at issue involves a deceased individual or an estate. R.R. at 105a.

Martz stated that when her staff looked up Metropolitan to see who was identified with the entity, they were eventually able to obtain an alternate address of 151 South 4th Street, Steelton, Pennsylvania (Steelton address). R.R. at 99a. Therefore, on September 22, 2022, *after the tax sale*, the Bureau sent a notice of property sold to Metropolitan at the Steelton address by certified mail, restricted delivery. R.R. at 57a-59a. Even though the Steelton address is the address

3

Metropolitan provided in its petition to set aside the tax sale, R.R. at 9a, this notice was returned to the Bureau as unclaimed, R.R. at 58a.

Following the hearing, the trial court denied Metropolitan's petition to set aside the tax sale. The trial court found Martz to be credible and, based on her testimony, determined that the Bureau made reasonable efforts to discover Metropolitan's whereabouts and provide it with notice pursuant to the Tax Sale Law. R.R. at 6a. After the trial court issued its order, C&C Homes, LLC purchased the subject property from Ms. Wilson. Metropolitan then appealed and, by Order of this Court issued April 15, 2024, C&C Homes was substituted for Ms. Wilson as an Appellee.

Metropolitan raises two issues on appeal. First, it argues that the trial court erred in finding that the Bureau made a reasonable effort to locate Metropolitan after the certified mail notices were returned as not deliverable. The notices were sent to the wrong address and the Bureau admittedly did not perform several of the additional notification efforts required under the Tax Sale Law to notify Metropolitan before its property was sold. Second, Metropolitan maintains that the trial court erred in questioning both its Counsel and Ms. Wilson as to the purposes for which the property was acquired. This line of questioning is irrelevant to the sole issue of whether adequate notice was provided[2] and creates the appearance that the trial court improperly considered the use of the property in rendering its decision.

We begin by acknowledging that "[t]he notice provisions of the [Tax Sale] Law are designed to 'guard against deprivation of property without due

---

[2] Because no objections or exceptions were filed and the tax sale was confirmed absolutely, the only claim Metropolitan can validly raise with respect to the tax sale is that of notice. Section 607(g) of the Tax Sale Law, 72 P.S. § 5860.607(g). *See, e.g.*, *Rivera v. Carbon Cnty. Tax Claim Bureau*, 857 A.2d 208, 216 (Pa. Cmwlth. 2004).

4

process.'" *In re Consol. Reps. & Return by Tax Claims Bureau of Northumberland Cnty.*, 132 A.3d 637, 644 (Pa. Cmwlth. 2016) (*en banc*) [quoting *Donofrio v. Northampton Cnty. Tax Claim Bureau*, 811 A.2d 1120, 1122 (Pa. Cmwlth. 2002)]. To satisfy due process, "a tax claim bureau must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Clemmer v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 417, 420 (Pa. Cmwlth. 2017) [quoting *Jones v. Flowers*, 547 U.S. 220, 226 (2006)]. A tax claim bureau

> bear[s] the burden of showing strict compliance with the notice provisions of the [Tax Sale] Law and our inquiry focuses "not on the alleged neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of the [Tax Sale Law]."

*Famageltto v. Cnty. of Erie Tax Claim Bureau*, 133 A.3d 337, 339 (Pa. Cmwlth. 2016) (*en banc*) [quoting *Smith v. Tax Claim Bureau of Pike Cnty.*, 834 A.2d 1247, 1251 (Pa. Cmwlth. 2003)].

The Tax Sale Law requires that a tax claim bureau must give three forms of notice to a delinquent taxpayer prior to an upset tax sale: notice by publication, posting, and mail. Section 602 of the Tax Sale Law, 72 P.S. § 5860.602; *In re Consol. Reps.*, 132 A.3d at 644-45. The only form of notice at issue in this appeal is notice by mail.[3] Section 602(e) of the Tax Sale Law provides that the Bureau shall provide mail notice as follows:

---

[3] It is undisputed that personal service of notice of the tax sale was not required here because the property at issue was not owner occupied. *See* Section 601(a)(3) of the Tax Sale Law, 72 P.S. § 5860.601(a)(3); *see also Famageltto*, 133 A.3d at 346 (explaining Section 601(a)(3) of the Tax Sale Law's personal service requirement "demonstrates the General Assembly's **(Footnote continued on next page…)**

5

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this [Law].

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States [F]irst[-C]lass [M]ail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e). Where, as here, the mailing is returned unclaimed, the Tax Sale Law requires that a tax claim bureau must take additional steps to notify the property owner. Section 607.1(a) states, in pertinent part, that when

such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, *before the tax sale can be conducted or confirmed, the bureau must exercise reasonable efforts* to discover the whereabouts of such person or entity and notify him. *The bureau's efforts shall include, but not necessarily be restricted to*, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may

---

heightened concern for owner occupants being divested of the very property in which they are residing").

6

have been written on or in the file pertinent to such property.

Added by the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a(a) (emphasis added).

Here, Martz's credible testimony establishes that, more than 30 days prior to the scheduled tax sale, the Bureau twice sent notices to Metropolitan by certified mail, restricted delivery. After these certified mailings were returned as undeliverable, the Bureau then sent notice to Metropolitan by First-Class Mail at least 10 days before the sale. Therefore, the Bureau complied with the *basic* mail notice requirements of Section 602(e) of the Tax Sale Law, 72 P.S. § 5860.602(e).

However, the record does *not* support the trial court's determination that the Bureau undertook reasonable efforts to locate and notify Metropolitan once these mailings were returned. The requirements of Section 607.1(a) in this regard are in addition to those found in Section 602(e), and this Court has described them as "the mandatory minimum search required" in these circumstances. *George v. Del. Cnty. Tax Claim Bureau*, 323 A.3d 106, 111 (Pa. Cmwlth. 2024) [quoting *Rice v. Compro Distrib., Inc.*, 901 A.2d 570, 573 (Pa. Cmwlth. 2006)]. The only additional steps the Bureau took to locate Metropolitan were to search two databases, including that of the county tax assessment office, and eventually to search for who owned or operated Metropolitan. Notwithstanding the specific requirements of Section 607.1(a), Martz admitted that her staff did not search current telephone directories and did not contact the Recorder of Deeds, the Prothonotary's Office, or the Register of Wills for an alternate address or contact information for Metropolitan. Martz further acknowledged that while her staff usually conducts an internet search in these circumstances, she had no evidence that was done here. Regardless of whether these additional searches would have borne fruit, this Court

7

has long held in the tax sale context that whether a "statutory task is pointless does not excuse its attempted performance." *Steinbacher v. Northumberland Cnty. Tax Claim Bureau*, 996 A.2d 1095, 1099 (Pa. Cmwlth. 2010). Given the Bureau's own admissions, it failed to meet its burden of establishing strict compliance with the statutory notice requirements, namely that it made the statutorily mandated efforts to locate Metropolitan pursuant to Section 607.1(a) of the Tax Sale Law. *See, e.g.*, *George*, 323 A.3d at 112-13 (holding the tax claim bureau failed to establish that it made reasonable efforts under Section 607.1(a) where it admittedly did not search current telephone directories or the dockets and indices of the prothonotary's office, or use "other 'ordinary common sense business practices' to attempt to locate" the delinquent taxpayer) [quoting *Farro v. Tax Claim Bureau of Monroe Cnty.*, 704 A.2d 1137, 1142 (Pa. Cmwlth. 1997)].[4]

Accordingly, the trial court's order denying Metropolitan's petition to set aside is reversed.

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita

---

[4] Given our disposition, we need not reach Metropolitan's second issue regarding the trial court Judge's questioning regarding the use of the property.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Metropolitan Properties, LLC,     :
                  Appellant     :
                            :
           v.              :    No. 439 C.D. 2023
                            :
Dauphin County Tax Claim Bureau     :
and C&C Homes, LLC            :

## **O R D E R**

AND NOW, this 9th day of January, 2025, the order of the Court of Common Pleas of Dauphin County is hereby REVERSED.

_____
**BONNIE BRIGANCE LEADBETTER**
President Judge Emerita